Opinion issued February 3, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00644-CR

———————————

joshua sherrod washington, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 351st District Court

Harris County, Texas



Trial Court Case No. 1035109

 



 

MEMORANDUM OPINION

A jury
found appellant, Joshua Sherrod Washington, guilty of the offense of aggravated
sexual assault[1]
and assessed his punishment at confinement for fifty years.  In his sole point of error, appellant
contends that the trial court erred “in failing to find [him] incompetent and
seeking further review of his ability to stand trial.”    

We affirm.

Background

          After
a Harris County grand jury issued a true bill of indictment accusing appellant of
committing the offense of aggravated sexual assault, the trial court ordered,
on multiple occasions, that appellant undergo a psychiatric and medical
exam.  After he had refused to answer
questions during the psychiatric examinations, the trial court, on January 24,
2006, conducted a hearing at which it explained to appellant that he needed to
undergo a psychiatric examination.  At
this hearing, appellant stated that the trial court’s orders were without
merit, denied that he was on any medications, denied that he was incompetent,
and stated that he was of sound mind.  At
the conclusion of the hearing, the trial court informed appellant that it again
ordered doctors to visit with appellant and conduct a psychiatric examination.  

On February 14, 2006, appellant’s
counsel filed a motion for a psychiatric examination, which the trial court
granted.[2]  On March 24, 2006, Dr. Edward Friedman
interviewed appellant for the purpose of determining appellant’s competency to
stand trial, and he filed his report, dated March 25, 2006, with the trial
court.  In his report, Friedman noted
that appellant was “extremely reluctant to talk” to him, and, during his
interview, appellant would look around his cell and at him “in a suspicious manner.”  However, Friedman also noted that appellant did
not “deliberately call[] attention to his behavior the way inmates who are
malingering mental illness often do [sic].” 
Friedman explained that appellant’s “thinking is goal oriented,” there
was “no obvious indications of delusional thinking,” and, “[w]hile appellant
refused to discuss any aspect of his case,” his “reason for doing so (to
protect himself against the possibility of self-incrimination) and his obvious
familiarity with the structure and functioning roles of the criminal justice
system suggests that he may be competent, a possibility that I do not want to
rule out too hastily.”  Friedman asked
that the trial court and appellant’s counsel inform appellant about the
importance of cooperating with a future examination.

The trial court, on April 3, 2006, conducted
another hearing at which it again ordered appellant to submit to a psychiatric
examination, and the trial court stated that it would otherwise hold appellant
in contempt.  When the trial court asked
appellant if he understood the court’s order, appellant responded that he did.  On April 17, 2006, Dr. Friedman again
interviewed appellant to determine his competency, and he filed a report, dated
May 3, 2006, with the trial court.  In
this second report, Friedman noted that appellant had denied taking any
psychotropic medications and, in response to a question about having abused
narcotics or alcohol, appellant answered, “Not that I know of” and “Not that I
recall.”  When asked about the pending case,
appellant stated that he needed to look at his “reset papers to recall” and he
could not remember what he was accused of because he had been assaulted multiple
times by jail deputies.  Appellant also told
Friedman that he had suffered blackouts and memory loss as a result of these
assaults.  Friedman noted that although
appellant reported difficulty remembering his case, he was “very aware” of his legal
rights, especially those rights that he believed had “been violated since he
was arrested.”  Friedman explained,

Although it is my opinion
that [appellant] is being deliberately difficult and evasive, and almost
certainly is competent, his resistance prevents me from being able to consider
all of the issues that, by statute, must be considered before expressing an opinion
on competence or incompetence; and, for this reason, I am unable to give an opinion
regarding either [appellant’s] present competency or, for that matter, his
sanity at the time of the alleged offenses.

 

On July 20, 2007, at the beginning
of another hearing on appellant’s competency, appellant stated that his trial counsel
was “not [my] lawyer.”  After several
interruptions by appellant, the trial court had him removed from the
courtroom.  Appellant’s trial counsel
then noted that he was appellant’s “third or fifth” lawyer, and he explained
that appellant’s prior lawyer had been allowed to withdraw based upon
appellant’s unwillingness to cooperate.  Counsel
then introduced into evidence Dr. Friedman’s reports and argued that because
Friedman could not provide an opinion on appellant’s competency, appellant
should be sent back to jail for additional “observation” for another ninety day
period.  Counsel explained that he had
been to jail four times to visit with appellant about the case and appellant,
each time, had refused to talk with him in order to assist with the case.  Counsel could not tell what appellant “is
doing because,” as the trial court “just observed, . . . [appellant] doesn’t
really talk” and he “screams and hollers and basically says delusional
things.”  The State, in response, asserted
that appellant was competent to stand trial, and, citing records in the trial
court’s file, noted that appellant had the ability to “write out and think
clearly” about the “allegation against him.”

The trial court, based upon Dr.
Friedman’s reports and its observations of appellant in the courtroom, concluded
that appellant was an “obstructionist.” 
The court found no evidence that appellant was incompetent, and, therefore,
concluded that appellant was competent to stand trial.   When appellant
was returned to the courtroom, the parties conducted voir dire.  The record reflects that voir dire was
completed without any further interruptions by appellant, and the trial court
thanked appellant for being “patient” and a “gentlemen” during the voir dire
proceedings. 

 

Standard of Review

We review complaints regarding the
adequacy of the trial court’s informal competency inquiry, and the trial
court’s finding following an informal competency inquiry, for an abuse of discretion.[3]  Luna v.
State, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008); Thomas v. State, 312 S.W.3d 732, 736–37 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).

Competency

In his sole point of error,
appellant argues that the trial court erred “in failing to find [him]
incompetent and seeking further review of his ability to stand trial” because,
“[b]ased on [appellant’s] comments and his behavior, it is inconceivable that
he was able to communicate with his lawyer and meaningfully assist in his
defense.”

A person is incompetent to stand
trial if he does not have a sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding or a rational, as
well as factual, understanding of the proceedings against him.  Tex.
Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2007).  A defendant is presumed competent to stand
trial and shall be found competent to stand trial unless proved incompetent by
a preponderance of the evidence.  Id. art. 46B.003(b) (Vernon 2007).   Either party may suggest by motion, or the
trial court may suggest on its own motion, that the defendant may be
incompetent to stand trial.  Id. art. 46B.004 (Vernon 2007).  On suggestion that the defendant may be
incompetent to stand trial, the trial court shall determine by “informal
inquiry” whether there is “some evidence” from any source that would support a
finding that the defendant may be incompetent to stand trial.  Id.
art. 46B.003(c) (Vernon 2007).  A trial
court should conduct an informal inquiry to determine if there is evidence that
would support a finding of incompetence if it “has a bona fide doubt about the
competency of the defendant.”  Montoya v. State, 291 S.W.3d 420, 425 (Tex.
Crim. App. 2009).  A bona fide doubt may
exist if the defendant exhibits truly bizarre behavior or has a recent history
of severe mental illness or at least moderate mental retardation.  Id.  

The trial court, following its
informal inquiry, found no evidence that appellant was incompetent, and it specifically
noted that its finding was supported by Dr. Friedman’s reports and its
observations.  In regard to Friedman’s
reports, the record reveals that appellant participated, at least to some
extent, in these examinations.  The
second report reflects that appellant, in response to questioning during the
examination, denied taking psychotropic medications and having abused alcohol
or narcotics.  Friedman noted that although
appellant claimed to suffer difficulty remembering the accusations against him
or any history of psychiatric treatment, he was “very aware” of his legal
rights.  While Friedman, in both reports,
reserved rendering an official opinion on appellant’s competency in light of appellant’s
reluctance to answer questions and fully participate in the examinations,
Friedman did provide opinions that were probative on the issue of competence
and supportive of the trial court’s conclusions.   As
noted by the trial court, Friedman, in his first report, observed that
appellant’s “thinking” was “goal oriented,” “there was no obvious indications
of delusional thinking,” and his articulated reasons for refusing to fully
participate in the examinations and his “obvious familiarity with the structure
and functioning roles of the criminal justice system” suggested to him that
appellant “may be competent.”  In his
second report, Friedman went further with his opinions, stating that appellant
was “deliberately difficult and evasive” and “almost certainly . . . competent.”  

A trial court, at the informal
inquiry stage, is entitled to consider such reports in determining if there is
any evidence of incompetence.[4]   See
Luna, 268 S.W.3d at 600 (indicating
that psychiatric examinations, even if not necessary for informal inquiry, may
be considered by the trial court); Lawrence
v. State, 169 S.W.3d 319, 328 n.1 (Tex. App.—Fort Worth 2005, pet. ref’d) (stating that review of any psychological
evaluations of the defendant constitutes “useful source” of information for
trial court in conducting informal inquiry); see also Tex. Code Crim.
Proc. Ann. art. 46B.021(a) (Vernon 2007) (stating that, on suggestion of
incompetency, court may appoint one or more disinterested experts to examine
defendant and report to court on competency of defendant).  Accordingly, we hold that the trial court did
not abuse its discretion in determining, based upon Dr. Friedman’s reports,
that there was no evidence to support a finding that appellant was incompetent
to stand trial.  

In regard to the trial court’s
observations of his behavior, appellant argues that the trial court was
compelled to find him incompetent because of his “nonsensical statements”
during the hearings prior to trial and the fact that he had to be removed from the
courtroom during the informal inquiry.  However,
based upon our review of the record, we hold that the trial court did not abuse
its discretion in concluding that appellant’s interruptions and courtroom
behavior did not provide evidence of incompetency.  Rather, the trial court, which had the
opportunity to view appellant in the courtroom, could have reasonably concluded
that appellant was purposefully trying to delay the proceedings.  See
Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999) (rejecting contention
that defendant’s “unruly and disruptive courtroom demeanor” were “probative of
incompetence to stand trial”).  

Here, the record demonstrates that
although appellant did make some nonsensical statements during the trial
court’s two prior hearings, the trial court relied upon its own observations of
appellant’s courtroom behavior in determining that appellant was simply seeking
to obstruct the proceedings.  Moreover,
when the jury was present for voir dire, appellant did not cause any
interruptions and was able to refrain from making outbursts similar to those
that he had made during the the informal-inquiry proceedings.  See id.
(noting that appellant’s “outbursts were timely, topical, and logically related
to the questions and answers offered during the examination of other witnesses”).   Finally, although appellant asserts in his
brief that he did not “participate in trial in any way,” appellant does not
cite any record references supporting his assertion.  

We overrule appellant’s sole point
of error.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 22.021
(Vernon 2010).





[2]           It is not clear from the record why
appellant’s counsel filed this motion after the trial court had already ordered
a psychiatric examination.





[3]
          Because the trial court did not find any evidence to support a finding
that appellant was incompetent, the trial court did not proceed to a trial on
the issue of competency.  Tex. Code Crim.
Proc. Ann. art. 46B.003(a)
(Vernon 2007). 





[4]
          If after informal inquiry the trial court determines that evidence
exists to support a finding of incompetency, the court “shall” order an
examination of defendant’s competency by an expert.  Tex. Code Crim. Proc. Ann. art. 46B.005(a), 46B.021(b) (Vernon 2007).