David THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–08–00305–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 15, 2009.

Discretionary Review Refused
April 14, 2010.

Winston E. Cochran Jr., Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, David Thomas, was convicted of possessing cocaine weighing more than four grams and less than 200 grams with

an intent to deliver.[1] Appellant pled true to both enhancement paragraphs alleged in the indictment, and the trial court sentenced him to imprisonment for 35 years. Appellant asserts seven points of error. In five points of error, appellant argues that the trial court erred by: (1) denying the motion to suppress evidence; (2) denying a requested continuance; (3) denying a new trial, based on evidence that denial of the continuance was harmful; (4) not permitting impeachment of the police officers; and (5) permitting impeachment of appellant with his 1982 conviction and the life sentence imposed for that conviction. In his sixth point of error, appellant argues that the trial court's modified *Allen* charge was coercive, thereby denying appellant's right to trial by jury. In his seventh point of error, he argues that one of the prior convictions used for enhancement purposes was not proved properly because the judgment indicates a different conviction date and a "deferred finding" of guilt.

We affirm.

## Background

In April 2007, Officer D. Garza received information from a confidential informant of a pending drug deal. The informant described the person who would deliver the drugs as a black male between 50 and 55 years of age, between five feet eight inches and five feet ten inches tall, and weighing between 180 and 200 pounds. The informant stated that the transaction would occur at a specified Whataburger restaurant at nine p.m. The informant also indicated that the person delivering the drugs would arrive in a grey Chevy Cavalier and would be wearing tan shorts and an orange colored shirt.

Based on the informant's tip, Officer Garza organized surveillance of the speci-fied Whataburger restaurant. When appellant arrived matching the informant's description of the suspected drug dealer, Garza requested that a uniformed officer detain him. Officer M. Chapnick responded to Garza's request.

Officer Chapnick entered the restaurant and went to the restroom to detain appellant. When Officer Chapnick opened the restroom door, he directed appellant to put his hands behind his back. Appellant took an aggressive posture, raising his hands. Appellant then reached for his waistband, which Officer Chapnick perceived as a threat because drug suspects often carry weapons in their waistbands. Officer Chapnick attempted to forcibly restrain him. Appellant struggled with the officer, jerking his hands away as Officer Chapnick attempted to gain control over appellant. Eventually, Officer Chapnick took appellant to the ground, where the officer had a better chance of gaining control of his hands. When Officer Chapnick knocked appellant to the floor, appellant's face was injured. Although on the floor, appellant continued to resist.

Officer C. Rozek and Officer S. Zakharia entered the restroom to assist Officer Chapnick in establishing control over appellant. At some point when appellant was on the floor, Derrick Glover, an employee of the Whataburger, went to the bathroom and saw the police on top of appellant. Glover claims that he never saw appellant fight or resist the police, but he conceded on cross-examination that appellant could have been reaching for a weapon when appellant was on the floor and being restrained by the police. The three officers handcuffed appellant, conducted a search for weapons, and moved him out of the restroom.

---

1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2008).

The police took appellant outside, where Officer Rozek conducted a thorough search of appellant and his clothing. During this search, a paper towel containing two plastic sandwich bags of powdered cocaine and two rocks of "crack" cocaine fell from appellant's waistband. The combined weight of the powdered cocaine and the "crack" rocks was about two ounces.

At trial, appellant took the stand and testified in his own behalf. Appellant testified that he had gone to the Whataburger to confront a man with whom he had a personal issue. According to appellant, when he was unable to locate the man in the main area of the restaurant, he checked the restroom. As he was leaving the Whataburger restroom, Officer Chapnick hit him in the eye without provocation. Appellant testified that after being hit, he knelt down on the floor immediately, that Officer Chapnick then forced him to lie faced down on the ground, and that he permitted Officer Chapnick to handcuff him. Appellant testified further that, once he was handcuffed, two additional officers arrived and began kicking and punching him. The officers then took appellant outside, where appellant alleged that they planted the cocaine on him.[2]

## Procedural History

Five of appellant's grounds for appeal concern the trial court's rulings on procedure. Appellant's first ground for appeal concerns his motion to suppress the cocaine that was taken from him at the time of his arrest. The trial court held a pretrial hearing on this and denied the motion. Grounds two and three concern two different motions for continuance. Appellant's trial counsel filed the first motion on April 10, 2008, claiming that appellant's prescribed pain medicine rendered appellant incompetent to stand trial. Appellant filed the second motion for a continuance *pro se* on April 11, 2008, after voir dire, alleging that his trial counsel was unprepared for trial. The trial court denied both motions. Appellant's fourth ground for appeal concerns the trial court's ruling that appellant could not impeach the testimony of the arresting officers with a civil suit that appellant had filed against them and the Houston Police Department.[3] Appellant's fifth point of error concerns the admissibility of his prior convictions.

## Discussion

### A. Motion to Suppress

■ In his first point of error, appellant contends the trial court erred in denying his motion to suppress evidence obtained through an alleged unlawful search and seizure. The State argues that appellant waived his complaint regarding the admission of the cocaine because appellant's trial counsel affirmatively agreed to the admission of the evidence during trial.

Before trial, appellant filed a motion to suppress the cocaine that the police discovered when they searched appellant. In his motion, appellant merely contended that the evidence "was seized in violation of the United States Constitution and the Constitution of the State of Texas." The trial court denied appellant's motion to suppress, and the State introduced the evidence during its direct examination of Houston Police Department criminalist Amanda Phillips. The State offered the cocaine into evidence as State's Exhibits 6, 9, and 10; Phillips identified State's exhib-

---

2. In the suppression hearing, appellant testified that the police found the drugs in his car.

3. The record is unclear about whether or not the suit was against the police department alone or against the police department and the individual officers.

its 6 and 9 as cocaine in powder form and State's Exhibit 10 as cocaine in rock form. When the State offered the exhibits, appellant's trial counsel stated, "[W]e have no objection, Your Honor." The court then admitted these exhibits.

■ In general, when a court overrules a pretrial motion to suppress evidence, the defendant need not object to the same evidence in order to preserve the error on appeal. *Brown v. State*, 183 S.W.3d 728, 741 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd) (citing *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App.1986)). However, when a defendant affirmatively states that he has "no objection" to the admission of the complained of evidence, the defendant waives any error in the admission of the evidence. *Brown*, 183 S.W.3d at 741; *see also Harris v. State*, 656 S.W.2d 481, 484 (Tex.Crim.App.1983) (holding that appellant's complaint that trial court erred in overruling his motion to suppress evidence obtained as result of illegal seizures was rendered moot when State offered complained of evidence and defense counsel affirmatively stated "no objection"). Here, the record reflects that appellant obtained an adverse ruling on his pretrial motion to suppress. However, when the State offered the offending evidence during trial, appellant's trial counsel waived any error in the admission of the evidence by affirmatively stating, "[W]e have no objection, Your Honor." *See Brown*, 183 S.W.3d at 741.

We overrule appellant's first point of error.

## B. Motions for Continuance

In his second and third points of error, appellant argues that the trial court erred in denying his pretrial motions for continuance and in denying him a new trial based on evidence that the denial of a continuance was harmful. Appellant's first motion for continuance contended that he would not be able to assist his attorney during trial due to the effects of pain medications appellant was taking as a result of surgery he had undergone at the end of March 2008. Appellant based his second motion, a *pro se* motion, on his contention that his trial counsel was unprepared for trial.

A trial court's ruling on a motion for continuance is reviewed under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex.Crim.App.1996).

### 1. Appellant's First Motion

■ Appellant's principal contention in his first motion for continuance was that he was not competent to assist his attorney due to prescribed pain medication. Texas courts determine competency according to article 46B.003 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 46B.003 (Vernon 2008). When competency is raised, the trial court "shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c) (Vernon 2008). The trial court is the sole trier of fact and thus evaluates witnesses' testimony and credibility. *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App.2005). The denial of a motion to suppress is reviewed for abuse of discretion, and we give great deference to the trial court's determination of historical facts while reviewing *de novo* the trial court's application of the law. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002). In reviewing this determination, the trial court's findings are entitled to great deference. *McDaniel v. State*, 98 S.W.3d 704, 713 (Tex.Crim.App.2003).

Based on its role as the reviewer of facts and credibility, the trial court, in accor-

dance with article 46B.004(c) of the Code of Criminal Procedure, conducted an inquiry into the condition and abilities of appellant. Appellant stated that the pain medication affected his ability to think "a little bit" and that it made him "kind of dizzy." However, appellant was able to communicate with his attorney on the record, and the trial court determined that appellant seemed "very able to answer ... questions." Furthermore, while appellant did encounter difficulties when testifying in his own behalf, his answers indicated that he understood the questions presented to him. Appellant did not provide the trial court with testimony or an affidavit from a physician to support his argument. On appeal, appellant argues that the difficulties he encountered while testifying on his own behalf, as well as the inconsistencies that developed from these difficulties, illustrate his impairment.

The examples provided by appellant do not indicate that the trial court abused its discretion. The trial court complied with the Code of Criminal Procedure and evaluated appellant's competency.

### 2. Appellant's Second Motion

■ Appellant filed a *pro se* motion for continuance complaining of his counsel's unpreparedness. Among other arguments, appellant contended that his attorney failed to argue that the drugs were produced after he was arrested, that the drugs may have come from the gas tank of his car, and that someone else had driven the car earlier that day. As additional evidence of his incapacity, appellant points to his mistake in identifying the police officer who first entered the Whataburger restroom.

■ Ordinarily, a criminal defendant currently represented by counsel is not entitled to hybrid representation. *Bledsoe v. State,* 178 S.W.3d 824, 827 (Tex.Crim.

App.2005) (citing *Landers v. State,* 550 S.W.2d 272 (Tex.Crim.App.1977)). However, the Court of Criminal Appeals has determined that if a trial court rules on a *pro se* motion when a criminal defendant is represented by counsel that decision is subject to appellate review. *Robinson v. State,* 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). The record indicates that the trial court ruled on appellant's motion rather than denying appellant the opportunity to present the motion. When the trial court rules on such a motion, the motion is "subject to review on appeal." *Id.* at 922.

Appellant's *pro se* motion, submitted on the first day of trial, alleges that appellant's counsel was not prepared for trial. Although appellant did not specifically designate his request as a motion for continuance, appellant did request that the trial court grant him additional time to prepare for trial due to his counsel's alleged lack of preparation.

The record reflects that appellant filed his motion on the morning of April 11, after the completion of voir dire. Appellant's counsel did not join appellant's motion and denied appellant's accusations. The record indicates that counsel began his representation of appellant no later than April 28, 2007 and that trial began on April 10, 2008. Appellant claimed his attorney did not subpoena relevant witnesses, that his attorney did not come to the jail to speak with him, and that his attorney conducted an inadequate investigation of his case. The trial court asked appellant to identify the witnesses that appellant contended his attorney refused to subpoena, and appellant named Cynthia Clay, Derrick Clover, and Lisa Michelle Smith.

The trial court then asked appellant's attorney to respond to appellant's allegations. Counsel explained that he talked with appellant on the phone while appel-

lant was in jail and that he sent his investigator to speak with him. He also explained that some of the evidence appellant wanted the attorney to gather was duplicative of evidence the State intended to introduce, and he explained that he contacted some of the witnesses appellant wanted him to subpoena and that he could not find others. The trial court denied appellant's *pro se* motion. Our consideration of the record does not indicate that the trial court abused its discretion in denying appellant a continuance based on appellant's *pro se* motion.

We conclude that the trial court did not err in denying appellant's two motions for a continuance. Because we have concluded that the trial court did not err in refusing to grant a continuance, we further conclude that the trial court did not err in refusing to grant appellant a new trial based on evidence that appellant was harmed by the denial of his motions for continuance. We also overrule appellant's second and third points of error.

## C. Officers' Impeachment with Pending Civil Litigation

■ In his fourth point of error, appellant argues that the trial court erred in not permitting him to impeach the testifying police officers with a pending civil suit he had filed against them. Appellant filed suit against the Houston Police Department and apparently against at least some of the police officers who were present for appellant's arrest. Appellant never specified which of the testifying officers he had sued. Rather, appellant indicated that the suit involved the "officers who testified here previously." The State presented seven witnesses, all police officers or employees of the Houston Police Department.

Appellant argues that the denial of the opportunity to impeach the officers resulted in his inability to demonstrate bias in the officers' testimony, thereby denying him of his constitutional right of confrontation. The State argues that appellant failed to preserve error because he did not sufficiently establish the substance of the excluded evidence. Alternatively, the State argues that, even if error was preserved, the ground is meritless because the trial court did not abuse its discretion in excluding the evidence.

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that a "brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(i). Appellant has cited no specific facts in support of his authority and no authority for his argument and therefore has failed to adequately brief this point. *Id.* Appellant even acknowledges "one problem which is that defense counsel did not make a record of precisely what he wanted to bring out before the jury."

We overrule appellant's fourth point of error.

## D. Impeachment with 1982 Conviction and Life Sentence

■ Appellant argues, in his fifth point of error, that the trial court erred in denying his motion to testify free from impeachment by his 1982 conviction of the offense of unauthorized use of a motor vehicle ("UUMV") and the life sentence imposed for that conviction.[4] Appellant argues that the trial court should have prohibited impeachment with this prior conviction because of its remoteness, its low

4. Appellant's 1982 unauthorized use of a motor vehicle conviction was enhanced with two prior felony convictions.

probative value, and the strong risk of prejudice.

We will not reverse a trial court's decision regarding admissibility of evidence of a prior conviction unless a clear abuse of discretion is shown. *Morris v. State,* 67 S.W.3d 257, 262 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). Thus, a trial court's decision will not be overruled unless it lies outside the zone of reasonable disagreement. *Id.; Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App.1992).

Rule 609(a) of the Texas Rules of Evidence provides that evidence of conviction for a prior felony or crime of moral turpitude shall be admitted for purposes of impeachment if the court determines that the probative value outweighs the prejudicial effect. TEX.R. EVID. 609(a); *Morris,* 67 S.W.3d at 263. However, if the date of conviction or the release of the witness from confinement is more than ten years from the moment of impeachment, impeachment is permissible only if the probative value of the conviction supported by the facts and circumstances "substantially outweighs" its prejudicial effects. TEX.R. EVID. 609(b); *see Morris,* 67 S.W.3d at 263.

Although the ten year limitations period in Rule 609 usually militates against admissibility, Texas courts have held that subsequent felony or misdemeanor convictions involving moral turpitude can be tacked onto remote convictions to cause them to be evaluated under Rule 609(a) instead of Rule 609(b). *See Morris,* 67 S.W.3d at 263 (holding that evidence of two intervening felony convictions removed taint of remoteness from convictions more than 10 years prior, permitting analysis under Rule 609(a)); *LaHood v. State,* 171 S.W.3d 613, 620 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd).

In the present case, evidence was presented that appellant was convicted of the offense of delivery of cocaine in 2005 and burglary of a building with intent to commit theft in 1992. These two intervening felonies remove the taint of remoteness from the 1982 conviction, making appropriate analysis under Rule 609(a). Admission of the 1982 conviction was proper, therefore, if the probative value of these convictions outweighs their prejudicial effect. *Morris,* 67 S.W.3d at 263.

In *Theus,* the Court of Criminal Appeals set out a non-exclusive list of factors courts should use to weigh the probative value of a conviction against its prejudicial effect. *Theus,* 845 S.W.2d at 880. These factors include (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history, (3) the similarity between the past crime and the charged offense, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. *Id.; LaHood,* 171 S.W.3d at 620.

■■■ With respect to the first factor, the impeachment value of crimes that involve deception or moral turpitude is greater than for offenses that involve violence. *Theus,* 845 S.W.2d at 881. Therefore, when the prior offense is one involving deception, the first factor weighs in favor of admission. *Id.* The offense of unauthorized use of a motor vehicle is a crime of deception. *Baca v. State,* 223 S.W.3d 478, 484 (Tex.App.-Amarillo 2006, no pet.). The first *Theus* factor thus weighs in favor of admission of appellant's prior conviction for unauthorized use of a motor vehicle. *Id.*

The second factor, involving the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history, favors admission if the crime in question is recent and the witness has a demonstrated pattern of running

afoul of the law. *Theus*, 845 S.W.2d at 881. Appellant's conviction for UUMV was not recent, occurring more than twenty years prior to the instant offense. However, appellant's criminal record includes two additional offenses committed within the last twenty years. *See Martin v. State*, 265 S.W.3d 435, 444 (Tex.App.-Houston [1st Dist.] 2007, no pet.). The second factor weighs in favor of admission.

The third factor militates against admission if the prior conviction is similar to the charged offense. *Theus*, 845 S.W.2d at 881. This is so because the admission for impeachment purposes of a crime similar to that charged presents a situation where the jury could convict based on the perception of the past conduct rather than the facts of the present case. *Id.* Appellant's prior conviction is for UUMV, which is not similar to the instant offense, possession with intent to deliver cocaine. This factor, therefore, weighs in favor of admission of the prior offense. *Id.*

In regard to the final two factors, *Theus* states that "when the case involves the testimony of only the defendant and the State's witnesses ... the importance of the defendant's credibility and testimony escalates" and "so will the need to allow the State an opportunity to impeach the defendant's credibility." *Id.* Here, appellant took the stand in his own defense. He had one other witness to the events that took place in the restroom who could speak only to a very short period of that time. Appellant's credibility was important because the police officers who testified for the State and appellant were the only direct eyewitnesses to the entirety of the events taking place in the restroom and in the

parking lot. Furthermore, the State's need to impeach appellant's credibility was great because his testimony contradicted much of the police officers's testimony of the events taking place in both locations and accused the officers of beating him and planting evidence. The fourth and fifth factors, therefore, favor admission of appellant's prior UUMV.

We conclude that under *Theus*, the trial court did not err in admitting evidence of appellant's prior convictions.[5]

We overrule appellant's fifth point of error.

## E. Modified *Allen* Charge

In his sixth point of error, appellant argues that the trial court's modified *Allen* charge was coercive, thereby denying appellant's right to trial by jury. There is no evidence in the record that appellant objected to the submission of this charge. Appellant has, therefore, waived any error with respect to the trial court's decision to deliver the *Allen* charge. *See Freeman v. State*, 115 S.W.3d 183, 186 n. 2 (Tex.App.-Texarkana 2003, pet. ref'd). Moreover, appellant has cited no authority in support of his argument. Therefore this issue was briefed inadequately. Tex.R.App. P. 38.1(i).

We overrule appellant's sixth point of error.

## F. Proof of Prior Conviction for Enhancement Purposes

In his seventh point of error, appellant argues that one of his prior convictions was not properly proved and, therefore, the trial court should not have considered it in the assessment of punish-

---

5. Appellant argues that admission of his prior conviction for UUMV is particularly prejudicial because the life sentence imposed for that conviction indirectly discloses two additional felony offenses. Appellant waived this particular complaint when he failed to object at trial. Tex.R.App. P. 33.1(a); *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex.Crim.App. 2006).

ment. Appellant argues that the State's indictment and the judgment entered as State's Exhibit 13 list different dates for his conviction for burglary of a building. Additionally, appellant argues that the judgment itself is unclear regarding his actual guilt because handwritten changes were made to the judgment.

 The State has the burden of proof to show that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously convicted of that offense. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex.Crim.App.2007). If the State does not prove beyond a reasonable doubt that the offenses are attributable to the defendant, the evidence may not be considered in the assessment of punishment. *Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim.App.1999). If, however, a defendant pleads "true" to the enhancement paragraph, the State's burden of proof is satisfied. *Harrison v. State*, 950 S.W.2d 419, 421 (Tex.App.-Houston [1st Dist.] 1997, writ ref'd) (citing *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981)).

Here the record reflects that upon the trial court's reading of the two enhancement paragraphs, appellant pleaded "true" to both. Appellant's plea of "true" to both of these enhancements satisfies the State's burden of proof with respect to the conviction in question. *See Harrison*, 950 S.W.2d at 421.

We overrule appellant's seventh point of error.

## Conclusion

We affirm the judgment of the trial court.