Opinion issued March 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00958-CR

———————————

andrew garcia JR., Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1176954

 



 

MEMORANDUM OPINION

A jury
found appellant, Andrew Garcia, Jr., guilty of the offense of murder[1] and assessed his punishment
at confinement for seventy years.  In two
issues, appellant contends that the trial court erred in not performing an
informal inquiry as to his competency to stand trial and in admitting hearsay “identification”
testimony.     

We affirm.

Background

           After a Harris County grand jury issued a true
bill of indictment, accusing appellant of committing the offense of murder, the
trial court, on August 17, 2009, ordered that appellant undergo a psychiatric
examination.  In its order, the trial
court noted that appellant had claimed that he was “hearing voices.”  Appellant’s mother confirmed that he had made the
same claims to her.  On September 8,
2009, Dr. Ginari Price, pursuant to the trial court’s order, filed a psychiatric
report, in which he stated that he had conducted a psychiatric examination of
appellant.  Ginari noted that appellant
was “receiving medication” and needed an “additional time” of fourteen days for
“stabilization.”  Ginari did not conclude
that appellant needed a “formal mental health evaluation.”  Additionally, on September 25, 2009, Dr.
Enrique Huerta, pursuant to the trial court’s order, filed a psychiatric report,
in which he stated that he had conducted another psychiatric examination of
appellant.  Huerta determined that appellant
was “receiving medication” and no longer needed any “additional time” for “stabilization.”  Consistent with Ginari’s conclusions, Huerta
did not recommend appellant for a “formal mental health evaluation.”[2]  There is nothing else in the record to
indicate that appellant ever raised any challenge to his competency to stand
trial until after jury selection.  

          On
October 19, 2009, after jury selection, the following exchange occurred between
appellant’s counsel and the trial court:

[Appellant’s
counsel]:   Judge, my client is telling me
that he feels he is not competent to stand trial. I don’t necessarily agree with
that assessment.  But he’s been telling
me the whole jury selection that—he also said something about that he was
examined at the jail by someone.

 

[Trial
court]:                  Yeah.

 

[Appellant’s
counsel]:   And they found him incompetent
is what he’s telling me. I’ve never done a full-blown competency; so, I’m not
really sure.

 

[Trial
court]:                  No. We did that a
long time ago.

 

[Appellant’s
counsel]:   I’m not aware of any finding
he’s not competent is what I’m saying.

 

[Trial
court]:                  I don’t have any
information of that at all.

 

[Appellant’s
counsel]:   We have the 2l-day in the
file?

 

[Trial
court]:                  I know the order
was done a long time ago, probably at the very beginning.

 

[Appellant’s
counsel]:   He is telling me something
recently occurred in jail.  Is that
something that would occur in the jail?  I’m
not aware.  Is that possible?

 

[Trial
court]:                  I don’t know. You
can call to forensics and find out—if he would have been found incompetent, I
can assure you they would have sent me a notice.  Maybe he would like to be incompetent, but if
he’s competent enough to know he’s incompetent, that’s interesting.

 

[Appellant’s
counsel]:   So, there’s nothing in the
file to reflect that.

 

[Trial
court]:                  You are welcome
to look at the file.

 

[Appellant’s
counsel]:   Can I look at the file?

 

[Trial
court]:                  Sure.  Because I get all those letters.

 

Following this exchange, the proceedings concluded
for the day.  The next day, the trial
commenced, and the parties presented their cases.  Neither party raised any further challenges
regarding appellant’s competence to stand trial.  

Competency

In his first issue, appellant
argues that the trial court erred in not performing an informal competency
inquiry because appellant’s counsel, after jury selection, suggested that appellant
might be incompetent to stand trial, the record does not include a psychiatric
report of findings from a court-ordered psychiatric examination, a witness
testified during trial that appellant “wasn’t in his right state of mind” at
the time appellant was involved in an extraneous “shooting incident,” and
appellant’s mother testified during trial that appellant was “bipolar and hears
voices.”

We review complaints regarding the
adequacy of the trial court’s informal competency inquiry, and the trial court’s
finding following an informal competency inquiry, for an abuse of discretion.[3]  Luna v.
State, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008); Thomas v. State, 312 S.W.3d 732, 736–37 (Tex. App.—Houston [1st
Dist.] 2009, pet. ref’d).

A person is incompetent to stand
trial if he does not have a sufficient present ability to consult with his
lawyer with a reasonable degree of rational understanding or a rational, as
well as factual, understanding of the proceedings against him.  Tex.
Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2007).  A defendant is presumed competent to stand
trial, and shall be found competent to stand trial unless proved incompetent by
a preponderance of the evidence.  Id. art. 46B.003(b) (Vernon 2007).   Either party may suggest by motion, or the
trial court may suggest on its own motion, that the defendant may be
incompetent to stand trial.  Id. art. 46B.004 (Vernon 2007).  On suggestion that the defendant may be
incompetent to stand trial, the trial court shall determine by “informal
inquiry” whether there is “some evidence” from any source that would support a
finding that the defendant may be incompetent to stand trial.  Id.
art. 46B.003(c) (Vernon 2007).  A trial
court should conduct an informal inquiry to determine if there is evidence that
would support a finding of incompetence if it “has a bona fide doubt about the
competency of the defendant.”  Montoya v. State, 291 S.W.3d 420, 425 (Tex.
Crim. App. 2009).  A bona fide doubt may
exist if the defendant exhibits truly bizarre behavior or has a recent history
of severe mental illness or at least moderate mental retardation.  Id.  

Here, the trial court, after initially
noting that appellant had claimed to be “hearing voices,” ordered a psychiatric
review of appellant.  Pursuant to this
order, Drs. Ginari and Huerta prepared reports, in which they stated their
opinion that appellant did not need a “formal mental health evaluation.”[4]  Ginari noted that, at the time of his September
8, 2009 report, appellant was on medication and needed an additional fourteen
days for “stabilization.”  Just over
fourteen days later, Huerta noted that appellant remained on medication and no
longer needed additional time for “stabilization.”  Although the trial court did not make specific
reference to these reports during its exchange with appellant’s counsel, the
trial court acknowledged that an “order” had been entered “a long time ago” and
that documents from these examinations would be in its file.  Thus, the record reveals that the trial court
had already considered, by informal inquiry, the issue of appellant’s
competence to stand trial.  Based upon
the history of the proceedings, the trial court could have reasonably concluded
that appellant was competent to stand trial.  
This is because a trial court, at the informal inquiry stage, is
entitled to consider reports similar to those furnished here in determining if
there is any evidence of incompetence.[5]  See
Luna, 268 S.W.3d at 600 (indicating
that psychiatric examinations, even if not necessary for informal inquiry, may
be considered by trial court); Lawrence
v. State, 169 S.W.3d 319, 328 n.1 (Tex. App.—Fort Worth 2005, pet. ref’d) (stating that review of any psychological evaluations
of defendant constitutes “useful source” of information for trial court in conducting
informal inquiry); see also Tex. Code Crim. Proc. Ann. art.
46B.021(a) (Vernon 2007) (stating that, on suggestion of incompetency, court
may appoint one or more disinterested experts to examine defendant and report
to court on competency of defendant).  The
trial court stated that, after ordering the expert reports, it had not received
any information to indicate that appellant was incompetent to stand trial, and
nothing in the record contradicts this.  

Moreover, the trial court could
have reasonably concluded that appellant, during the exchange after jury
selection, did not present any new information or evidence that would have
required another informal inquiry.  During
the exchange, appellant’s counsel even suggested that he did not “necessarily”
agree with appellant’s competence claims. 
Rather, it appears that counsel was merely inquiring about the status of
any prior competence proceedings.  At the
end of the exchange, the trial court invited counsel to review the court’s file
and search it for any reports.  Counsel
did not object to proceeding to trial, and there is nothing in the record to
indicate that counsel ever raised a competence objection again or complained
that the reports previously ordered by the trial court had not been prepared, filed
in the record, or misplaced.  There is
also nothing in the record to indicate whether appellant’s counsel ever obtained
the reports of Drs. Ginari and Huerta or learned of their findings before
proceeding to trial.  In fact, appellant’s
counsel, in arguments at the punishment phase, asked the jury to consider the
fact that appellant suffered mental illness while expressly stating that “[n]o
one’s saying he’s not competent to stand trial.”  

In regard to appellant’s reliance
upon the testimony presented at trial by a witness concerning appellant’s state
of mind during the commission of an extraneous offense, we note that this
testimony did not require the trial court to conduct another informal inquiry
into whether appellant was competent to stand trial.  And in regard to appellant’s reliance upon
his mother’s testimony at the punishment phase that he was “bipolar” and “heard
voices,” we note that the record reveals that this matter had already been
considered by the trial court in its informal inquiry.  Appellant has not cited any authority for the
proposition that such testimony compelled the trial court to conduct another
informal inquiry, and the Texas Code of Criminal Procedure does not provide
that the trial court had any such duty.[6]     

Accordingly, we hold that the trial
court did not abuse its discretion in not conducting an informal competence
inquiry just prior to or during the trial on the merits.    

We overrule appellant’s first
issue.

Hearsay

In his second issue, appellant
argues that the trial court erred in admitting “identification testimony from a
police officer on an extraneous offense” during the punishment phase of trial
because “the complaining witness was unavailable to testify.”     

During the punishment phase, the
State introduced evidence concerning another aggravated robbery allegedly committed
by appellant.  Alejandro Ruiz testified that
on July 28, 2009, his mother was staying at his apartment and, when Ruiz
returned to his apartment for lunch, he found his mother outside the apartment
in shock and crying.  Based upon what his
mother had told him, Ruiz called for emergency assistance.  Ruiz inspected his apartment and discovered
cash and property missing.  Ruiz
explained that when police officers showed his mother a photographic lineup,
she identified the person who had robbed her. 
Appellant then objected to the testimony concerning what Ruiz’s mother had
said during the identification, and the trial court sustained the objection and
instructed the jury to disregard the testimony about what Ruiz’s mother had
said.

The State then introduced the
testimony of Houston Police Officer J. Sosa. 
During the State’s direct examination of Sosa concerning the photographic
lineup that he had shown to Ruiz’s mother, appellant objected to “that portion
of the photograph” that contained her handwritten notes identifying appellant
as her assailant.  Appellant’s only
objection was that the handwritten notes constituted hearsay.  The trial court overruled appellant’s
objection to the notes and permitted Sosa to testify that Ruiz’s mother had
made the notations.

Although appellant timely objected
to testimony concerning the handwritten notes on the photographic lineup,
appellant did not object to Officer Sosa’s testimony concerning the
identification of appellant by Ruiz’s mother as her assailant.  Prior to the line of questioning to which
appellant did object, Sosa testified, without objection, that he had conducted
an investigation into the aggravated robbery and “a photospread was shown to
the complainant where[in] [appellant] was identified.”  Sosa further testified, without objection, that
Ruiz’s mother had identified appellant as her assailant after he had given her
the required admonishments.  Moreover,
after the challenged line of questioning, Sosa again testified, without
objection, that Ruiz’s mother had identified appellant in the photographic
lineup.  Sosa explained that she had selected
the person in the bottom right of the photographic line up, this person was
appellant, and after Sosa interviewed Ruiz’s mother, he presented a case against
appellant to the district attorney.  Sosa
also noted that he had learned that appellant was “already wanted on other
cases” and the aggravated robbery case against appellant was still “pending.”  

Appellant, on appeal, now generally
complains of Officer Sosa’s testimony concerning the identification of Ruiz’s
mother.  However, because appellant did
not object to this testimony at trial, we hold that he has waived this
challenge on appeal.  See Tex.
R. App. P. 33.1.  Moreover, even construing
appellant’s challenge on appeal as related to Sosa’s testimony regarding the
photographic lineup, the handwritten notations on the lineup exhibit were
merely cumulative of Sosa’s testimony concerning the identification of
appellant by Ruiz’s mother.  See Brooks
v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (providing that
admission of inadmissible evidence becomes harmless error if other evidence
proving same fact is admitted elsewhere without objection); Smith v. State, 236 S.W.3d 282, 300 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d) (stating that “improper admission of
evidence is harmless if the same or similar evidence is admitted without
objection at another point in the trial”).  Accordingly, we hold
that any error in the admission of this evidence did not affect appellant’s substantial rights.  See Tex. R. App. P. 44.2; Smith, 236 S.W.3d at 300 (noting that “admission
of inadmissible hearsay is nonconstitutional error and will be considered
harmless if, after examining the record as a whole, we are reasonably assured
that the error did not affect appellant’s substantial rights—i.e., did not have
a substantial and injurious effect or influence in determining the jury’s
verdict”). 

We overrule appellant’s second
issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 19.02(b)
(Vernon 2003).





[2]
          In his reply brief, appellant
complains that neither of these reports were originally contained in the
clerk’s record in the underlying trial cause number, but instead were filed in
a clerk’s record for a separate cause number. 
However, the trial court’s order for the psychiatric review, which
appellant himself relies upon, and the two reports authored by Drs. Ginari and
Huerta, all concern the same three identical cause numbers, including the cause
number that is the subject of the instant appeal.





[3]        If the trial court had
found evidence to support a finding that appellant was incompetent, the trial
court would have proceeded to a trial on the issue of competency.  See
Tex. Code Crim. Proc. Ann. art.
46B.003(a) (Vernon 2007).





[4]
          We note that these reports appear to be the reports that appellant’s
counsel inquired about in his exchange with the trial court after jury
selection.  Appellant’s counsel asked
about the existence of “the 2l-day in
the file,” and the reports reflect that they were made “not later than
twenty-one (21) days of the issuance” of the trial court’s order.





[5]
          If, after informal inquiry, a trial court determines that evidence
exists to support a finding of incompetency, it “shall” order an examination of
a defendant’s competency by an expert.  Tex. Code Crim. Proc.
Ann. arts. 46B.005(a),
46B.021(b) (Vernon 2007).

 

            In
his reply brief, appellant complains that “there is no evidence that the judge
examined the medical status reports,” this Court “cannot presume that the
[trial court] examined reports that were hiding in another file,” the trial
court was not entitled to “rely upon [its] memory” of the past proceedings, and
the “medical status reports reflect a cursory psychiatric examination . . .
rather than a full formal mental health evaluation.”  As we have noted above, the reports bear the
same cause numbers as the trial court’s order, the record supports a finding
that the trial court considered by informal inquiry appellant’s competence, and
the trial court was entitled to consider its own observations in determining if an informal inquiry was necessary
and if there was “some evidence” from “any
source” that would have supported a finding that appellant was incompetent to
stand trial.  Moreover, although a trial
court may rely upon reports at the informal inquiry stage in determining if
there is any evidence of incompetence, there is no statutory obligation for the
trial court to conduct an examination beyond those conducted here.  The trial court had requested a psychiatric
review, and two reports were furnished pursuant to its order.  The most recent report indicated that
appellant had been “stabilized” on medications and did not need further
examination.





[6]
          In his brief, appellant also
asserts that the trial record “is dappled” with evidence of “mental illness”
and “bizarre acts,” but appellant provides no citation to the record in support
of this assertion.