Opinion issued May 17,
2012

 

 

 

 

 

 

 




 
 
 
 
 
 
 




 

In The

Court of Appeals

For the

First District of Texas

____________

 

NO. 01-12-00254-CR

____________

 

IN RE THOMAS WAYNE FLORENCE, Relator

 



 

Original Proceeding on Petition for Writ of Mandamus

 



 

MEMORANDUM OPINION

Relator, Thomas Wayne Florence, complains that the trial court, which
appointed appellate counsel for him, denied him “his statutory right to present
and argue his own pro se motions for new trial,” and he complains that this
Court has erroneously refused to accept his pro se filings.[1]

A criminal defendant has no right to hybrid representation.  Robinson
v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); Thomas v. State, 312 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.]
2009, pet. ref’d) (“[A] criminal defendant currently represented by counsel is
not entitled to hybrid representation.”). 
Consequently, “a trial court is free to disregard any pro se motions presented by a defendant
who is represented by counsel.”  Robinson, 240 S.W.3d at 922.  Thus, because relator had appointed appellate
counsel, the trial court was free to disregard relator’s pro se motion for new
trial.  We conclude that the trial court
has not abused its discretion by refusing to consider relator’s motion for new
trial.

Moreover, we note that relator has failed to file in this Court an
appendix or record containing his motion for new trial.  SeeTex. R. App. P. 52.3(k) (stating that
appendix to petition for writ of mandamus must include “a certified or sworn
copy of any order complained of, or any other document showing the matter
complained of”); Tex. R. App. P. 52.7(a)(1)
(requiring relator to include, in record filed with petition for writ of
mandamus, “a certified or sworn copy of every document that is material to the
relator’s claim for relief and that was filed in any underlying proceeding”).  Relator also failed to certify that he has
reviewed the petition and concluded that “every factual statement in the
petition is supported by competent evidence included in the appendix or
record.”  Tex. R. App. P. 52.3(j).

We deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Chief
Justice Radack and Justices Jennings and Keyes.

 

Do Not Publish.  Tex.
R. App. P. 47.2(b).











[1]        The Honorable Lonnie Cox, Judge of the 56th District
Court of Galveston County, Texas, Respondent. 
The underlying lawsuit is State v. Florence,
No. 10CR1217 (56th Dist. Ct., Galveston Cnty., Tex.).