**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00669-CR**

_____

**LONNIE WOOTEN, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 21168**

**MEMORANDUM OPINION**

A jury convicted Lonnie Wooten, Jr. as a habitual felony offender of evading arrest or detention and assessed a sentence of twenty years in prison. In two appellate issues, Wooten challenges the denial of his *Batson* motion and the trial court's punishment charge. We affirm the trial court's judgment.

*Batson* Motion

In issue one, Wooten contends the trial court improperly denied his *Batson* motion. The Equal Protection Clause forbids the State from exercising peremptory strikes based solely on a potential juror's race. *Batson v. Kentucky*, 476 U.S. 79, 89, 106

1

S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Nieto v. State*, 365 S.W.3d 673, 675 (Tex. Crim. App. 2012). To make a *Batson* claim, (1) the defendant must make a *prima facie* showing of racial discrimination; (2) if the defendant makes this showing, the State must then articulate a race-neutral explanation for the strike; and (3) the trial court must determine if the defendant has proved purposeful discrimination. *Nieto*, 365 S.W.3d at 676. Absent exceptional circumstances, we defer to the trial court's ruling. *Id*. We consider the entire voir dire record, but need not limit our review to the specific arguments presented to the trial court. *Id*. We focus on the genuineness, not the reasonableness, of the asserted non-racial motive. *Id*. We may not substitute our judgment for that of the trial court in deciding that the State's explanation was a pretext. *Id.* We will sustain the trial court's ruling unless it is clearly erroneous. *Id*.

In response to a question on her juror card and during the defense's voir dire, potential juror nineteen, an African-American woman, stated that she did not have any close friends or family in law enforcement. Wooten, also African-American, presented a *Batson* motion when the State attempted to use a peremptory strike to exclude juror nineteen. The State explained that juror nineteen is fifty-two years old and the State did not believe her statement that none of her relatives or close friends had ever been in law enforcement. The State further explained that it either struck or attempted to strike other potential jurors for this same reason and noted that Wooten also struck an African-American juror. Wooten described the State's reasoning as invalid and a "sham[.]" He

2

argued that many of the potential jurors denied knowing anyone in law enforcement, but were not struck by the State. The State responded that these jurors were not struck because either their other answers overrode their responses to the law enforcement question, or the State anticipated which jurors the defense would move to strike. The trial court denied the *Batson* motion and stated, "I don't believe that the preponderance of the evidence showed that the State engaged in purposeful discrimination, given the evidence that's been offered and given consideration to some of the strikes made by the Defendant."

On appeal, Wooten contends that the State's reason for striking juror nineteen was not supported by the record and was pretextual. We need not determine whether Wooten established a *prima facie* case of discrimination, given that the State articulated its reasons for the peremptory strike and the trial court ruled on the issue of discrimination. *See Young v. State*, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009). Accordingly, we proceed to a review of whether the trial court's ruling was clearly erroneous. *See id.* The reason for exercising a peremptory strike is race neutral, unless a discriminatory intent is inherent in the explanation given. *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). The State's explanation need not be persuasive or even plausible. *Id.* at 767-68. The persuasiveness of the justification is relevant to the trial court's determination of whether the opponent of the strike proved purposeful discrimination. *Id.* at 768. Several factors aid this determination: (1) the State used

3

peremptory challenges to eliminate a far greater proportion of minorities than non-minorities; (2) the State's reasons for eliminating minorities appeared to apply equally well to many of the non-minorities whom the State did not challenge; (3) the State chose to shuffle the jury panel in a manner that supported an inference of race discrimination; (4) the State directed questions designed to elicit grounds for peremptory challenges disproportionately, in a manner suggestive of an intent to single out minorities for elimination; and (5) the county of prosecution followed a formal policy to exclude minorities from jury service. *Watkins v. State*, 245 S.W.3d 444, 448-49 (Tex. Crim. App. 2008). A potential juror's response may be less than candid, and "*Batson* leaves room for the State to exercise peremptory strikes based on a 'hunch' or past experience, as long as racial discrimination is not the motive." *Nieto*, 365 S.W.3d at 679.

The record demonstrates that the State had a "hunch" regarding the veracity of juror nineteen's answer to the law enforcement question. The record does not indicate that racial discrimination motivated the State's decision to strike juror nineteen. Three of the venire members in the strike zone were African-American. Of these three veniremembers, the State challenged juror twenty-seven for cause, the defense peremptorily challenged juror thirty-one, and the State peremptorily challenged juror nineteen. The State used or attempted to use peremptory strikes on several non-minorities who responded to the law enforcement question in a similar fashion as juror

4

nineteen. The State explained why it did not strike all the potential jurors that had the same answer as juror nineteen.

"[T]he record must reflect more than the mere fact that the objectionable characteristic of a stricken juror was also possessed by accepted jurors of a different racial background." *Whitaker v. State*, 977 S.W.2d 869, 875 (Tex. App.—Beaumont 1998, pet. ref'd). Moreover, the record does not indicate that the State used its peremptory challenges to eliminate more minorities than non-minorities, requested a jury shuffle, singled out minorities during questioning, or followed a formal policy of excluding minorities from jury service. Viewing the entire voir dire record and absent exceptional circumstances in this case, we conclude that Wooten failed to sustain his burden of proving purposeful discrimination and the trial court's denial of Wooten's *Batson* motion is not clearly erroneous. *See Nieto*, 365 S.W.3d at 676. We overrule issue one.

## Punishment Charge

In issue two, Wooten complains of the trial court's jury charge on punishment. When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). When, as here, the defendant preserves the complained-of error, we will reverse if we find "some harm" to the defendant's rights. *Id*. at 743; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.

5

1985) (op. on reh'g). Harm is examined in light of the entire jury charge, the state of the evidence, the contested issues and weight of probative evidence, the arguments of counsel, and any other relevant information revealed by the entire record. *Almanza*, 686 S.W.2d at 171.

In its punishment charge, the trial court stated, in pertinent part:

> The defendant, [Wooten] has stipulated that he has been convicted of two (2) prior felonies. On the 27th day of February, 1997, the defendant was convicted of the felony offense of delivery of a controlled substance, in cause number 12,947 in the 356th Judicial District Court of Hardin County, Texas.

> And before the commission of the offense for which you have convicted the defendant and after the date of conviction for the offense of [d]elivery of a controlled substance as alleged in the above paragraph, the defendant committed the felony offense of escape and was convicted on the 3rd day of June, 1999, in cause number 14,778, in the 356th District Court of Hardin County, Texas.

> You are instructed that if you find beyond a reasonable doubt that this defendant is the same person who was convicted in each of the cases above and that such convictions occurred as alleged, then you will find the allegations are true and so state in your verdict, and you will assess punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of not more than 20 years or less than 2 years.

> But if you do not find from the evidence beyond a reasonable doubt that the defendant is the same person who was convicted in each of the cases above and that such convictions occurred as alleged, you will next proceed to consider the question whether the defendant has been convicted once before of a felony.

Wooten objected that this portion of the charge was "abstract and insufficient" and failed to "give the jury the full ranges with the ability to find one of the enhancements true and

6

one untrue." Wooten argued that the jury must find the enhancements to be "true," regardless of his stipulation to the enhancements. He further contended that the verdict form should give all options to the jury. The trial court overruled Wooten's objections.

On appeal, Wooten contends that the trial court's charge and lack of verdict forms took the decision-making power from the jury and failed to formulate a punishment charge that allowed for all possible scenarios. Wooten maintains that, as a result, the trial court commented on the weight of evidence.

Assuming, without deciding, that the trial court's charge was erroneous, we conclude that any error was harmless. At the beginning of the punishment phase, Wooten pleaded "true" to the two enhancement paragraphs in the indictment. Once Wooten pleaded "true" to these allegations, the State's burden of proving the allegations was satisfied and the range of punishment was elevated. *See Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); *see also Thomas v. State*, 312 S.W.3d 732, 741 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). Nevertheless, the State also admitted certified copies of judgments for these two prior convictions and the jury heard evidence of Wooten's history as a habitual offender. During closing arguments, the State explained that Wooten pleaded "true" to the enhancements and was a habitual offender, which elevated his offense to a second-degree felony. For these reasons, the State argued that Wooten was dangerous and urged the jury to select a punishment between two and twenty years in prison, namely twenty years. The defense argued that Wooten should be

7

punished for the offense on trial, for which a twenty-year prison sentence was not "fair and just." Given Wooten's plea of "true" to the two enhancement paragraphs, the evidence presented to the jury, and the record as a whole, we conclude that any error in the trial court's punishment charge was not calculated to injure Wooten's rights. *See Ngo*, 175 S.W.3d at 743; *see also Almanza*, 686 S.W.2d at 171. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 19, 2012
Opinion Delivered October 10, 2012
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.