COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| OSMAN MORALES, | § | No. 08-11-00144-CR |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20090D01032) |
| | § | |

## **O P I N I O N**

Appellant, Osman Morales, appeals the trial court's denial of his motion to suppress evidence. We affirm the judgment of the trial court.

### **BACKGROUND**

On October 21, 2008, while working at a gym, Appellant massaged Sasha Gutierrez' leg muscles and inserted two to three of his fingers into her vagina. Appellant was later charged with sexual assault.

Appellant filed a pretrial motion to suppress a recording of his conversation with Gutierrez. During the suppression hearing, Appellant testified that he received a call from Gutierrez in November 2008, but did not know that Sasha was calling at the request of law enforcement or that law-enforcement officials were recording their conversation, and stated that Gutierrez did not

advise him of his rights or that the conversation was being recorded.[1]  According to Appellant, when he received the phone call, no law-enforcement officers were near him and he was not approached by law-enforcement officials before or after the conversation.  Morales stated that he did not feel that he was in custody of law-enforcement officials at the time of the conversation and felt free to come and go as he pleased.  The trial court overruled Appellant's suppression motion.

At trial, Gutierrez testified that after initially reporting the sexual assault to police, she returned and informed Detective Gonzalo Chavarria of the El Paso Police Department that Appellant had left her a voice-mail message in which he apologized to Gutierrez.  Gutierrez returned Appellant's phone call from the police station as suggested by Detective Chavarria so that he could record it.  When Gutierrez asked Appellant if his actions could be considered a sexual assault, Appellant responded, "Yeah, it could be."  At Detective Chavarria's suggestion, Gutierrez asked Appellant why he did it, and Appellant answered, "I know.  I know.  It was not my intention to do something like that, never."  The State offered the recording into evidence as State's Exhibit 8, and it was admitted into evidence after Appellant's counsel stated, "No further objections to 8, Your Honor."

A jury convicted Appellant of sexual assault, assessed punishment at two-years' confinement, assessed a fine, and recommended that Appellant's sentence and fine be probated. The trial court issued judgment in accordance with the jury's verdict and placed Appellant on community supervision for ten years.

**DISCUSSION**

In his sole issue on appeal, Appellant complains that the trial court erred in denying his

---

[1] Appellant's counsel also testified at the suppression hearing and described how she and Appellant learned of the recording.

motion to suppress his recorded conversation with Gutierrez because the recording was made without informing Appellant that his statements were being recorded in contravention of his due-process and due-course-of-law rights afforded him by the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 19 of the Texas Constitution.

Among its responses to Appellant's issue, the State argues that Appellant waived his right to complain on appeal that the trial court erred in denying his motion to suppress the evidence because, at trial, Appellant expressly stated that he had no objection to the admission of the recording into evidence. We agree.

When a pretrial motion to suppress evidence is overruled, a defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986); *Thomas v. State*, 312 S.W.3d 732, 736 (Tex.App. – Houston [1st Dist.] 2009, pet. ref'd). However, a defendant waives any error in the admission of the evidence despite the pretrial ruling when he affirmatively asserts during trial that he has "no objection" to the admission of the complained-of evidence. *Moraguez*, 701 S.W.2d at 904; *Thomas*, 312 S.W.3d at 736.

Although Appellant obtained an adverse ruling on his pretrial suppression motion, his counsel's affirmative statement at trial that there was "no objection" to the admission of the recording waived any error in the admission of that evidence. *Moraguez*, 701 S.W.2d at 904; *Thomas*, 312 S.W.3d at 736. Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

March 27, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)