

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00078-CR

Luis **GOVEA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 22nd Judicial District Court, Hays County, Texas
Trial Court No. CR-12-0451
Honorable Don Burgess, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  December 18, 2013

AFFIRMED

Luis Govea appeals his conviction for felony driving while intoxicated–subsequent offense

and sentence of life imprisonment.  *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (West Supp.

2013).  On appeal, Govea asserts that there was evidence suggesting he was incompetent to stand

trial and that his counsel rendered ineffective assistance.  We affirm the trial court's judgment.

**ANALYSIS**

*Competency*

In his first issue, Govea argues the trial court was required to hold an informal inquiry into his competence to stand trial after he stated that he could not concentrate because he had been taking medication. Govea's comment occurred during the punishment phase of trial, after the jury rendered its verdict recommending life imprisonment and immediately before the court formally pronounced his sentence. Specifically, when the trial court asked Govea whether there was any legal reason why sentence should not be pronounced at that time, Govea responded, "I don't really know. I can't concentrate right because I've been on drugs . . . a while so I don't know what's going on." Govea argues this statement alone provided sufficient evidence suggesting he may have been incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004 (West Supp. 2013). Govea also points to evidence in the record that he had serious health issues, suffering from cirrhosis of the liver, liver cancer, hepatitis C, and unexplained fainting spells.

A defendant is presumed competent to stand trial and shall be found competent unless proven incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if the person does not have "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a) (West 2006); *see Turner v. State*, No. AP-76580, - - - S.W.3d - - -, 2013 WL 5808250, at *6 n.11 (Tex. Crim. App. Oct. 30, 2013) (noting that a competent defendant possesses both criteria). This standard focuses on the defendant's present ability at the time of trial. *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009).

The issue of a defendant's competence may be raised by either party's motion or by the trial court on its own motion. TEX. CODE CRIM. PROC. ANN. art. 46B.004(a) (West Supp. 2013).

"If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(b) (West Supp. 2013). Upon a suggestion that the defendant may be incompetent, the trial court has a duty to conduct an informal inquiry to determine whether there is "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c) (West Supp. 2013). Subsection (c–1), added effective September 1, 2011, states, "A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant." *Id.* art. 46B.004(c–1) (West Supp. 2013); *see Turner*, 2013 WL 5808250, at *11 n.32.[1]

Here, other than the single statement made by Govea at the end of the punishment phase, there is nothing in the record to suggest that Govea was incompetent to stand trial — either that he was unable to consult with his lawyer with a reasonable degree of rational understanding, or that he lacked a rational and factual understanding of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a). During the entire trial, there was no evidence suggesting that Govea was having trouble understanding the proceedings or communicating with his attorney and assisting in his defense. When asked by the trial court, Govea lucidly entered his plea of "not guilty" to the instant charge, and later entered two pleas of "true" to the habitual felon enhancements and confirmed that he had not been coerced or offered anything in exchange for his pleas of true. Govea did not make rambling, nonresponsive answers or inappropriate outbursts, and did not

---

[1] The charged DWI offense occurred on February 24, 2012, and Govea's trial was held in November 2012; therefore the current version of article 46B.004 applies in this case.

engage in bizarre conduct or otherwise disrupt the court proceedings. There was no evidence that Govea was taking any psychoactive medication or that he had any history of mental illness or mental retardation. There was evidence that Govea was suffering from several medical conditions and was in need of a liver transplant, but until his comment at the end of trial there was nothing in the record to suggest that he was taking any medication during the trial. When Govea was arrested for DWI on February 24, 2012, nine months before trial, he had been prescribed hydrocodone but it is not clear from the record whether he was taking that pain medication at the time of trial.

Moreover, defense counsel raised no concerns regarding Govea's competency. The record shows that Govea consulted with his attorney before deciding not to testify during the punishment phase. Immediately after Govea's statement that he was having trouble concentrating, the record shows his attorney asked for a moment to confer with Govea and engaged in a sotto voce discussion with him before stating, "Okay." The trial court then proceeded to impose sentence on Govea and informed him that he had the right to appeal. When the court asked Govea whether he understood he had the right to appeal, Govea answered, "Yeah, I understand." The court asked again and Govea again confirmed that he understood he had the right to appeal.

Viewed in the context of the entire record, Govea's statement right before sentencing that he was having trouble concentrating due to taking medication did not raise a suggestion that he was incompetent to stand trial. *See Thomas v. State*, 312 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (defendant was not entitled to continuance on ground that he was not competent to assist his attorney due to prescribed pain medication where defendant stated the medication affected his ability to think "a little bit" and made him "kind of dizzy," but record showed he was able to communicate with his attorney and his answers during testimony indicated he understood the questions presented to him). There was no evidence that Govea lacked either part of the competency requirements under article 46B.003(a). Therefore, the trial court did not

abuse its discretion in failing to conduct an informal competency inquiry. *See Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999) (abuse of discretion standard). Govea's first issue is overruled.

### *Ineffective Assistance of Counsel*

In his second issue, Govea asserts his counsel rendered ineffective assistance by failing to take certain actions during trial. To establish ineffective assistance, Govea has the burden to prove that his trial counsel's performance was deficient and that it prejudiced his defense, in that there is a reasonable probability that, absent counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Govea must provide a sufficient record that affirmatively demonstrates ineffective assistance by a preponderance of the evidence, and overcomes the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To establish deficient performance, Govea must show that counsel's performance fell below an objective standard of reasonableness and must rebut the presumption that counsel's decisions were based on sound trial strategy. *Thompson*, 9 S.W.3d at 812-13. In evaluating counsel's performance, we do not focus on isolated acts or omissions, but review the totality of counsel's representation. *Id.* at 813. Failure to prove either prong of the *Strickland* test will defeat an ineffective assistance claim. *Id.*; *Perez*, 310 S.W.3d at 893.

Here, Govea did not file a motion for new trial raising ineffective assistance; therefore, there is no evidence in the record about the reasons, or lack of reasons, underlying counsel's conduct. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (stating that in the absence of evidence of counsel's reasons for the challenged conduct, the court will "commonly assume a strategic motivation if any can possibly be imagined," and will not find deficient

performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it.").

Govea raises four particular omissions by his trial counsel and asserts that, as a whole, counsel's performance constituted ineffective assistance. Govea's first complaint is that his attorney failed to establish his competence to stand trial. We have already addressed the issue of Govea's competence and have concluded there was no evidence suggesting he was incompetent to stand trial.

Govea next complains that his attorney failed to object to the mandatory blood draw, which showed a blood alcohol content of 0.182, on constitutional grounds because several venire members expressed their concern about its constitutionality. As noted, there is no evidence in the record about counsel's trial strategy. In addition, section 724.012(b)(3) makes a blood draw mandatory when a person like Govea has been previously convicted of DWI on two or more occasions. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Therefore, counsel's failure to object to the blood draw, which was statutorily mandated in this situation, was not deficient performance. In addition, as noted by the State, Govea has failed to show he was prejudiced by the lack of an objection because there was other overwhelming evidence that he operated a motor vehicle in public while intoxicated—the officer observed Govea crossing over the lane divider, drifting within the lane, making wide turns, driving over a curb, and speeding; after he stopped Govea, the officer observed two half-full open containers of alcohol inside the vehicle in close proximity to Govea, a strong odor of alcohol in the vehicle and on his person, Govea had slurred speech, slow movements and glassy eyes; and Govea exhibited all six clues of intoxication on the horizontal gaze nystagmus test and either failed or was unable to perform the other field sobriety tests.

Govea also complains that counsel did not object to "the multitude of extraneous conduct" discussed on the videotape of his arrest. Govea does not specify the extraneous conduct other than to complain there was a discussion of outstanding warrants on the videotape. Again, defense counsel could have had a reasonable strategy not to object in order to avoid drawing undue attention to such "extraneous conduct" or to show the jury that Govea was accepting responsibility for such conduct. Govea has not rebutted the presumption that counsel's conduct was based on a sound trial strategy. Moreover, Govea has not shown how the failure to object prejudiced him.

Finally, Govea asserts that his counsel failed to present "a case in chief" during the punishment phase. This assertion is rebutted by the record, which shows that defense counsel presented multiple family witnesses who testified to Govea's good character within the family, including his 86-year old mother who testified that he takes care of her, and his serious health issues and their fear that he would not survive another prison sentence. Thus, Govea's counsel presented evidence detailing his medical condition to the jury for its consideration in assessing punishment. Govea particularly complains that counsel failed to call a licensed chemical dependency counselor, a probation officer, or other medical personnel to more fully explain his medical condition. However, Govea has not met his burden to show any of these potential witnesses were available to testify at trial, and has not shown the substance of their testimony or that it would have benefited Govea. *See Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005). Govea has not established that his counsel's performance during the punishment phase was deficient.

Based on the foregoing reasons, we overrule Govea's issues on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do not publish