**Joshua Antez FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00159–CR.**

Court of Appeals of Texas, Texarkana.

Submitted April 2, 2003.

Decided Aug. 15, 2003.

---

Ebb B. Mobley, Longview, for appellant.

William M. Jennings, Gregg County District Attorney, Andrea M. Thompson, Appellate Assistant District Attorney, Longview, for appellee.

Before MORRISS, C.J., CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS.

Joshua Antez Freeman was convicted, in a jury trial, of burglary of a habitation. The jury assessed his punishment, enhanced by a prior conviction, at forty years' imprisonment. In his sole issue on appeal, Freeman contends the trial court erred in instructing the jury to retire to deliberate as to his punishment after the court had accepted the jury's verdict as to his codefendant's punishment. Freeman argues that the combined effect of an *Allen*[1] charge the court gave to the jury and the court's acceptance of the verdict on punishment against his codefendant coerced the jury into reaching the verdict as to his punishment. We overrule this contention and affirm the judgment.

At approximately 10:00 a.m. on March 6, 2002, Mary Aguilar left her home to go to a neighbor's home for coffee. At approximately 11:50, another neighbor saw a man who was carrying a bag leave Aguilar's house. The neighbor saw another man "pop" his head out of a window from inside Aguilar's house. The neighbor called police, who apprehended two suspects in the area. The neighbor identified the two men as those he had previously seen at Aguilar's house. John Thomas Allen, the codefendant, and Freeman, the appellant, were charged with burglary of a habitation and tried jointly before a jury. The jury returned a verdict of guilty against both Allen and Freeman. After several hours of deliberation on the day of trial and the following morning, the jury informed the trial court that it was deadlocked concerning punishment as to both defendants. The trial court gave the jury an *Allen* charge, also known as a "dynamite" charge, and sent it back for further deliberations. The jury later informed the court it had reached a decision concerning Allen's punishment, but was still deadlocked as to Freeman's punishment. The trial court sent the jury back for further deliberations. Over Freeman's objection and motion for mistrial, the trial court then accepted the verdict concerning Allen and sentenced him according to the punishment assessed by the jury, which was eighteen years' imprisonment. The jury later returned a verdict assessing Freeman's punishment at forty years' imprisonment.

Freeman contends that sending the jury back for further deliberations after accepting the verdict against Allen, com-

---

* William J. Cornelius, Chief Justice, Retired, sitting by assignment.

1. *Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

bined with the *Allen* charge, coerced the jury in reaching a verdict as to Freeman's punishment. Freeman does not raise the issue of whether the *Allen* charge is coercive of itself.[2]

Freeman contends that the trial court abused its discretion in denying his motion for mistrial. He argues that the combined allegedly coercive nature of the *Allen* charge and the court's acceptance of separate verdicts required a mistrial.

The trial court may declare a mistrial when an error occurs that is so prejudicial that the expenditure of further time and expense would be wasteful. *Wood v. State,* 18 S.W.3d 642, 648 (Tex. Crim.App.2000). The trial court may properly declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction would have to be reversed on appeal because of error. *Id.* The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). Therefore, we must determine whether the trial court's returning the jury to deliberate prevented an impartial verdict from being reached in the context of the *Allen* charge and the acceptance of the verdict against Allen.

Both the United States Supreme Court and the Texas Court of Criminal Appeals have accepted the use of a supplemental *Allen* charge. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); *Howard v. State,* 941 S.W.2d 102, 123 (Tex.Crim.App.1996). The trial court gave the following version of an *Allen* charge to the jury:

Members of the jury, I have your note that you are deadlocked. In the interest of justice, if you can reach a verdict, you should do so. I do not mean to say an individual juror should yield his or her own conscience and positive conviction. But I do mean that when you are in the jury room, you should discuss this matter carefully, listen to each other, and try, if you can, to reach a verdict. It is your duty as a juror to keep your mind open and free to every reasonable argument that may be presented by your fellow jurors so that this jury may arrive at a verdict that justly answers the consciences of the individuals making up this jury. You should not have any pride of opinion and should avoid hastily forming or expressing an opinion. At the same time, you should not surrender any conscientious views founded on the evidence unless convinced of your error by your fellow jurors. If you fail to reach a verdict, this case may have to be tried before another jury. Then all our time will have been wasted. Accordingly, I ask you to continue your deliberations.

Similarly worded jury charges have been held not coercive in civil cases. *See Stevens v. Travelers Ins. Co.,* 563 S.W.2d 223, 225 (Tex.1978); *Golden v. First Nat'l Bank,* 751 S.W.2d 639, 641 (Tex.App.-Dallas 1988, no writ). However, some circumstances may result in a coercive and improper *Allen* charge.[3] "The primary inquiry to determine the propriety of an

---

**2.** While Freeman's attorney objected to the *Allen* charge that the trial court originally intended to give the jury, he did not object to the *Allen* charge that was eventually given to the jury. Failure to object or otherwise draw the court's attention to the alleged coercive nature of the particular *Allen* charge given waived any error. Tex.R.App. P. 33.1(a)(1);

*see Bledsoe v. State,* 21 S.W.3d 615 (Tex.App.-Tyler 2000, no pet.).

**3.** *See* Wayne F. Foster, Annotation, *Instructions Urging Dissenting Jurors in State Criminal Case to Give Due Consideration to Opinion of Majority (Allen Charge)—Modern Cases,* 97 A.L.R.3d 96 (1980).

Allen ... charge is its coercive effect on juror deliberation, 'in its context and under all circumstances.'" *Howard v. State,* 941 S.W.2d at 123 (citing *Jenkins v. United States,* 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965)). While an *Allen* charge that specifically addresses a minority of the jurors "might engender coercion," a charge that speaks to the jury as a whole is not coercive on its face. *Id.* at 123–24. The charge in question here addresses the jury as a whole and does not single out any specific juror or jurors. The charge simply encourages the jury to reach a verdict and asks the jurors to re-examine their views. The trial court may properly encourage jurors to re-examine their own views and, while not surrendering honest convictions, to change their opinions if convinced from the evidence that they are erroneous. *Jones v. State,* 986 S.W.2d 358, 362 (Tex.App.-Beaumont 1999, pet. ref'd). An instruction that a mistrial would have to be declared is not, of itself, coercive. *Stanton v. State,* 535 S.W.2d 182, 183 (Tex.Crim.App.1976). We conclude that the charge here is not coercive on its face.

▮▮▮ Freeman contends that returning the jury to deliberate after it had reached a verdict against his codefendant was inherently coercive. He fails to cite any caselaw or other authority for this argument.[4] Returning the jury to deliberate after accepting a verdict against a codefendant simply focuses the deliberations on the remaining defendant. We do not believe that such individual attention harms the remaining defendant in any way. A supplemental charge to the jury to continue its deliberations, without any additional language, is not coercive. *Muniz v. State,* 573 S.W.2d 792, 794 (Tex.Crim. App.1978). Consequently, returning the

jury to further deliberate was not inherently coercive. The only question remaining is whether the trial court's action resulted in coercion in fact.

▮▮▮ If an *Allen* charge is not coercive on its face, an appellant has the burden to show that jury misconduct occurred in fact. *Bledsoe v. State,* 21 S.W.3d 615, 623 (Tex.App.-Tyler 2000, no pet.); *Love v. State,* 909 S.W.2d 930, 936 (Tex.App.-El Paso 1995, pet. ref'd); *Davis v. State,* 709 S.W.2d 288, 291 (Tex.App.-Corpus Christi 1986, pet. ref'd). We believe this standard is appropriate in this case. Because neither the *Allen* charge, nor the acceptance of a separate verdict against the codefendant, is inherently likely to result in misconduct, Freeman has the burden to prove that coercion actually occurred. He has presented no evidence of coercion caused by the combined effect of the *Allen* charge and acceptance of a verdict against the codefendant. Freeman simply speculates that the combined effect of the two actions created coercion. In the absence of any evidence of coercion, we cannot conclude that the trial court abused its discretion in denying the motion for mistrial.

For the reasons stated, we affirm the judgment.

▮▮▮▮

---

4. Failure to cite authority for an argument may justify dismissal under the Texas Rules of Appellate Procedure. *See* Tex.R.App. P. 38.1(h).