**Opinion filed February 2, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00010-CR

_____

## ROJELIO ROCKY SANTANA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 19233-B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Rojelio Rocky Santana, Jr. of the felony offense of robbery. Appellant pleaded "true" to a prior felony alleged for enhancement purposes. The jury assessed punishment at confinement for thirty years in the Institutional Division of the Texas Department of Criminal Justice. In two issues on appeal, Appellant contends that the trial court erred by giving an "unrequested"

*Allen*[1] charge during the jury's punishment deliberations. He asserts in his first issue that the charge coerced the jury into assessing a substantial prison sentence, and in his second issue, he asserts that the charge violated Article 36.16 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 36.16 (West 2006). We affirm.

*Background Facts*

Asset protection employees at a Walmart in Abilene observed Appellant and a female remove two TomTom GPS systems from a locked peg hook. Appellant attempted to make a return with one of the GPS systems, but after being denied, he exited Walmart with the merchandise. Scott Blair, an asset protection employee at Walmart, followed Appellant outside and confronted him. Blair testified that, after he ordered Appellant to go back inside, Appellant pulled a knife and threatened him. Blair backed away, and Appellant ran off the property. Two other asset protection employees, Donald Greenhill and Brent Turner, testified that they saw Appellant with the GPS in one hand and a shiny/metal object in his other hand.

Sergeant Willie Ford of the Abilene Police Department testified that he received a call regarding a robbery at Walmart. After driving around the area, Sergeant Ford located Appellant as the person matching the suspect's description. Appellant was taken into custody, but officers did not find the GPS or a knife. Appellant was indicted for aggravated robbery and the lesser included offense of robbery. The jury acquitted Appellant of aggravated robbery but found him guilty of robbery.

Appellant had prior convictions for assault family violence, unlawful possession of stolen mail, evading arrest, and possession of methamphetamine with intent to deliver. The indictment contained an enhancement paragraph alleging

---

[1]*See Allen v. United States*, 164 U.S. 492, 501 (1896).

Appellant's prior methamphetamine conviction.[2]  The jury found the enhancement to be "true" after Appellant pleaded "true" to it.  Accordingly, the punishment for Appellant's second-degree felony conviction for robbery was enhanced to the punishment for a first-degree felony.  *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2016).

The jury began deliberating on punishment at 11:47 a.m. and, at 3:21 p.m., sent out a note stating, "What will happen if we are undecided?"  In discussing the note with counsel, the trial court suggested giving the jury an *Allen* charge, and both sides expressly approved of the *Allen* charge being given to the jury.  The trial court then submitted the following charge to the jury without objection:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial as to punishment and discharge the jury.  The case will still be pending, and it is reasonable to assume that the issue of punishment will be tried again before another jury at some future time.  Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.
>
> With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.  Don't do violence to your conscience, but continue deliberating.

After receiving this supplemental charge, the jury continued deliberating from 3:26 p.m. until 5:05 p.m. before reaching a verdict of confinement for thirty years.

---

[2]By stipulation, the State also offered Appellant's other prior convictions into evidence during the punishment phase.

*Analysis*

In his first issue, Appellant contends that the trial court erred by giving the *Allen* charge. He asserts that the charge was "unrequested" because the jury did not inform the trial court that it was deadlocked. He contends that the effect of an unrequested *Allen* charge was to coerce the jury into assessing a substantial prison sentence.

We note at the outset that Appellant did not preserve his complaint that the *Allen* charge was coercive. In order to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). When a defendant does not object to the trial court's submission of an *Allen* charge, error is not preserved. *Thomas v. State*, 312 S.W.3d 732, 740 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Freeman v. State*, 115 S.W.3d 183, 186 n.2 (Tex. App.—Texarkana 2003, pet. ref'd)) (finding that the failure to object to an *Allen* charge waives error). In a discussion with counsel, the trial court read the *Allen* charge that it proposed giving to the jury. When asked by the trial court if the proposed *Allen* charge was "acceptable," Appellant's trial counsel replied in the affirmative. Accordingly, Appellant has not preserved any complaint about the *Allen* charge for appellate review.

Moreover, the *Allen* charge in this case was neither unrequested nor coercive. The jury sent a note to the trial court asking, "What will happen if we are undecided?" The *Allen* charge given by the trial court directly answered the jury's question. Furthermore, both the United States Supreme Court and the Texas Court of Criminal Appeals have sanctioned the use of an *Allen* charge. *See Allen*, 164 U.S. at 501–02; *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). An *Allen* charge instructs a deadlocked jury to continue deliberating to reach a verdict if the jurors can conscientiously do so. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13

(Tex. Crim. App. 2006) (The *Allen* charge "reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve.").

Appellant argues that the jury did not specifically indicate that it was deadlocked. Assuming Appellant's contention is correct, it is not error for a trial court to give an *Allen* charge to a jury before the jury indicates that it is deadlocked. *Loving v. State*, 947 S.W.2d 615, 620 (Tex. App.—Austin 1997, no pet.); *see also Perez v. State*, No. 08-12-00340-CR, 2015 WL 4940375, at *13 (Tex. App.—El Paso Aug. 19, 2015, no pet.); *Black v. State*, No. 05-10-01558-CR, 2012 WL 206501, at *2 (Tex. App.—Dallas January 25, 2012, pet. ref'd) (mem. op., not designated for publication). As noted in *Loving*, many courts believe an *Allen* charge is less coercive if submitted before a jury comes to an impasse in reaching a verdict. 947 S.W.2d at 619.

The primary inquiry when considering the propriety of an *Allen* charge is its "coercive effect" on juror deliberation in its context and under all circumstances. *Howard*, 941 S.W.2d at 123 (citing *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988)); *Freeman*, 115 S.W.3d at 186–87. An *Allen* charge that pressures jurors into reaching a particular verdict or improperly conveys the court's opinion of the case is unduly coercive. *West v. State*, 121 S.W.3d 95, 107–08 (Tex. App.—Fort Worth 2003, pet. ref'd). Conversely, a charge that speaks to the jury as a whole and encourages jurors to reexamine their views without surrendering honest convictions is not coercive on its face. *Freeman*, 115 S.W.3d at 187. Here, the charge addressed the entire jury and instructed the jurors to continue deliberating without doing violence to their conscience. Additionally, the trial court's *Allen* charge did not pressure jurors into reaching a particular verdict or convey the court's opinion of the case in any way. The Court of Criminal Appeals, this court, and many of our sister courts have approved *Allen* charges containing nearly identical language. *See Arrevalo v. State*,

5

489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973); *Boswell v. State*, Nos. 11-12-00014-CR, 11-12-00015-CR, 2014 WL 1117024, at \*6 (Tex. App.—Eastland March 20, 2014, pet. ref'd) (mem. op., not designated for publication); *Draper v. State*, 335 S.W.3d 412, 417 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *West*, 121 S.W.3d at 108–09. Accordingly, we conclude that the trial court did not commit error in submitting this *Allen* charge to the jury. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court violated Article 36.16 by giving the *Allen* charge.

The pertinent portion of Article 36.16 provides:

> After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36 .15.

In order to preserve an Article 36.16 complaint for appellate review, a defendant must object at trial on the basis that the submission of an *Allen* charge would violate Article 36.16. *Loving*, 947 S.W.2d at 619; *see Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.—Tyler 2000, no pet.) (holding that an Article 36.16 complaint was not preserved when trial objection "did not implicate article 36.16" but instead merely argued that portion of proposed *Allen* charge was improper); *Duc Vu v. State*, 750 S.W.2d 8, 10 (Tex. App.—Texarkana 1988, pet. ref'd) ("An objection to a failure to follow statutory procedures is necessary to preserve a claimed error when the court gives an *Allen* charge to a deadlocked jury."). Appellant has not preserved a complaint under Article 36.16 because he did not object to the *Allen* charge on any basis. Moreover, Article 36.16 permits a further charge if requested by the jury. As noted previously, the jury presented a request for

further instruction from the trial court. Accordingly, the trial court did not violate Article 36.16 by giving the *Allen* charge in answer to the jury's question.

Because we find that the trial court did not commit error by submitting the *Allen* charge to the jury, we need not address Appellant's contention that he suffered egregious harm under *Almanza*.[3] *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (Neither *Almanza* harm standard applies unless an appellate court first finds "error" in the jury charge.). Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

February 2, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[3]*Almanza v. State*, 686 S.W.2d 157, 160–74 (Tex. Crim. App. 1985) (op. on reh'g).