

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00056-CR

**BRYANT KENTRELL DOTSON,**

$\qquad$**Appellant**

**v.**

**THE STATE OF TEXAS,**

$\qquad$**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2018-2101-C1

## MEMORANDUM  OPINION

Following a jury trial, Bryant Kentrell Dotson was convicted of continuous sexual abuse of a young child and sentenced to thirty years in prison.  *See* TEX. PENAL CODE ANN. § 21.02.  In two issues on appeal, Dotson argues that the evidence was insufficient to support his conviction and that the trial court reversibly erred by providing a coercive *Allen* charge to the jury.  *See Allen v. United States*, 164 U.S. 492, 510, 17 S. Ct. 154, 157, 41 L. Ed. 528 (1896).  We affirm.

**Sufficiency of the Evidence**

In his first issue, Dotson argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that the alleged acts of sexual abuse occurred over a period that was thirty or more days in duration.  *See* TEX. PENAL CODE ANN. § 21.02(b)(1). We disagree.

AUTHORITY

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).  This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.  We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232.  Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).  This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

DISCUSSION

The indictment alleged that Dotson committed the following acts of sexual abuse against A.D between the dates of May 1, 2016 and September 1, 2018: causing A.D.'s sexual organ to contact Dotson's sexual organ and/or mouth; penetration of A.D.'s sexual organ by Dotson's finger; and/or Dotson's hand touching A.D.'s genitals. *See* TEX. PENAL CODE ANN. § 21.02(c). For the offense of continuous sexual abuse of a young child, the jury is not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. *Id.* at § 21.02(d). However, the jury must unanimously agree that the defendant committed two or more acts of sexual abuse during the required timeframe – a period that was thirty or

more days in duration. *Id.* Reviewing courts have held that juries may infer the duration of time between the acts of sexual abuse from evidence of milestones or benchmarks, such as school years, places where the child lived, or other life events. *See, e.g. Michell v. State*, 381 S.W.3d 554, 561-64 (Tex. App.—Eastland 2012, no pet.); *Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2015, pet. ref'd); *Perez v. State*, 689 S.W.3d 369, 378 (Tex. App.—Corpus Christi-Edinburg 2024, no pet.). On appeal Dotson argues that while "[t]here is evidence that sexual abuse occurred in the 'China Springs apartment' and evidence that sexual abuse occurred in the 'Waco apartment,'" sufficient benchmarks did not exist to permit the jury to infer that the acts of sexual abuse occurred over a period of thirty or more days. We therefore limit our sufficiency analysis to the evidence relating to the durational element of the offense of continuous sexual abuse of a young child.

Dr. Soo Battle, a child sexual abuse examiner with the Advocacy Center for Crime Victims and Children, testified that she administered a sexual abuse exam on ten-year-old A.D. on October 3, 2018. A copy of her report was admitted into evidence at trial and was specifically requested by the jury for viewing during deliberations. In A.D.'s examination with Dr. Battle, she reported that Dotson touched her "middle section" with his hands inside of her clothing while she was living in China Spring. Using an anatomical drawing, A.D. clarified that her "middle section" was her vagina. She recalled that after the family moved to Waco, Dotson touched her vagina with his hands "[s]ometimes in my mom's room, the living room, or in my room" and penetrated her

vagina with his fingers "more than once." A.D. also described Dotson touching her vagina with his mouth "a couple of times" and with his penis "[m]ore than one time. A lot." A.D. reported to Dr. Battle that the last time Dotson touched her vagina was approximately one week before she reported the sexual abuse to her mother.[1]

Relevant here, Dotson testified that he lived in China Spring with A.D. and her family for approximately four to five months. They all subsequently moved into a one-bedroom apartment with a family member in Waco, where the family slept in the living room for five to eight months. In late 2016, according to Dotson, the family moved into their own three-bedroom apartment in the same apartment complex. The record indicates that the family was living in this Waco apartment when A.D. reported Dotson's sexual abuse to her mother in September of 2018.

An inference is defined as "a conclusion reached by considering other facts and deducing a logical consequence from them." *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). A.D. provided a "benchmark" for the last instance of sexual abuse by Dotson, namely, that he touched her vagina approximately one week before her outcry to her mother in September of 2018. Based on the timeline provided by Dotson's testimony,

---

[1] We note that A.D.'s trial testimony differed in some respects from her statements to Dr. Battle during her exam. During trial, A.D. agreed with the State that some of the details were difficult for her to remember. For example, A.D. testified that Dotson touched her thighs and her breast in China Spring, but that he did not touch any other part of her body in China Spring. However, Dotson does not contest the sufficiency of the evidence supporting that acts of sexual abuse occurred in China Spring, arguing instead that the evidence does not show when the acts of sexual abuse occurred rather than whether they occurred at all. Further, we presume the jury resolved any conflicting inferences from the evidence in favor of the verdict. *Zuniga*, 551 S.W.3d at 733.

thirty days or more would have passed between Dotson touching A.D.'s vagina while the family was living at the home in China Spring and the last time Dotson touched A.D.'s vagina in 2018. Viewing all of the evidence in the light most favorable to the verdict, the evidence was sufficient to support a reasonable jury finding that Dotson committed two of more acts of sexual abuse over a period of thirty days or more.

Accordingly, Dotson's first issue is overruled.

## *Allen* **Charge**

In his second issue on appeal, Dotson argues that the trial court reversibly erred by providing an unduly coercive *Allen* charge to the jury during deliberations. We disagree.

AUTHORITY

When a jury has declared itself deadlocked, the trial court may give a supplemental "*Allen* charge" designed to remind the jury that if it is unable to reach a verdict, a mistrial will result, the case will remain pending, and there is no guarantee that another jury will find the issue easier to resolve. *See Allen*, 164 U.S. at 501; *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App 2006). Trial courts must be careful to phrase and administer an *Allen* charge in a noncoercive manner. *Barnett*, 189 S.W.3d at 277 n.13. The primary inquiry in determining the propriety of an *Allen* charge is its coercive effect on juror deliberation "in its context and under all the circumstances." *Lowenfield v. Phelps*,

484 U.S. 231, 237, 108 S. Ct. 546, 550, 98 L. Ed. 2d 568 (1988) (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965) (per curiam)).

DISCUSSION

The record indicates that the jury exited the courtroom to begin deliberations at 2:34 p.m. After sending out two notes requesting to view certain evidence, the jury sent a note at 4:09 p.m. stating, "At this time we cannot come to a decision that all members can agree to." The trial court proposed a written *Allen* charge to the State and defense counsel, which read as follows:

> Ladies and Gentlemen of the Jury:
>
> The Court has your note that you are indicating you are unable to reach a verdict. In the interest of justice, if you could end this litigation by your verdict, you should do so.
>
> The Court does not mean to say that any individual juror should yield his or her own conscience and positive conviction, but when you are in the jury room, you should discuss this matter carefully, listen to each other, and try, if you can, to reach a conclusion on the questions. It is your duty as a juror to keep your mind open and free to every reasonable argument that may be presented by your fellow jurors so that this jury may arrive at a verdict that justly answers the consciences of the individuals making up this jury. You should not have any pride of opinion and should avoid hastily forming or expressing an opinion. At the same time, you should not surrender any conscientious views founded on the evidence unless convinced of your error by your fellow jurors.
>
> If you fail to reach a verdict, this case may have to be tried before another jury, then all of our time will have been wasted.
>
> Accordingly, please return to your deliberations.

When the trial court asked the attorneys about objections to the proposed supplemental charge, the following exchange occurred:

> [Defense Counsel]: Well, I have some issues, Your Honor, with the last part of it, that all of our time will be wasted.
>
> The Court: Well, you can object to it, but I'm giving it.
>
> [Defense Counsel]: Okay. I'm going to object to that last part of it.
>
> The Court: Okay. "All of our time would have been wasted," I'm leaving it in.

The bailiff delivered the written *Allen* charge to the jury. After more than three hours of additional deliberation, the jury reached its guilty verdict.

As he did in the trial court, Dotson takes issue on appeal with the inclusion of the statement, "then all of our time will have been wasted." Specifically, Dotson contends that the notion of "wasting time" is uniquely coercive to jurors who were "all exposed to the American work ethic" and its associated "stigma of 'wasting time[.]'"

The State argues that Dotson failed to preserve his complaint that the *Allen* charge was coercive. We agree. In order to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). At trial, Dotson did not state his specific ground for objecting to the supplemental charge (i.e., that it was coercive) or obtain a ruling on his objection. Accordingly, Dotson did not preserve this error for review.

Even if Dotson's complaint had been preserved, we find that the record here does not indicate "under all the circumstances" that the *Allen* charge was unduly coercive. The trial court did not give the charge prematurely, providing the supplemental charge only after the jury indicated an inability to reach a verdict. The jury did not deliberate an unduly short time after the supplemental charge was given, continuing for over three additional hours and sending out multiple notes requesting to review specific portions of testimony from the trial. Additionally, the supplemental charge encouraged the jurors not to surrender any conscientious views founded on the evidence unless convinced of error by fellow jurors. *See West v. State*, 121 S.W.3d 95, 109 (Tex. App.—Fort Worth 2003, pet. ref'd). The jurors were also polled after the verdict was read, and each juror confirmed that it represented his or her verdict. *See Rosales v. State*, 548 S.W.3d 796, 805 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Further, at least one other appellate court has found a similarly-worded *Allen* charge to be noncoercive. *See Freeman v. State*, 115 S.W.3d 183, 186-87 (Tex. App.—Texarkana 2003, pet. ref'd) ("If you fail to reach a verdict, this case may have to be tried before another jury. Then all our time will have been wasted.").

Accordingly, we overrule Dotson's second issue on appeal.

## Conclusion

Having overruled all of Dotson's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Opinion delivered and filed February 20, 2025
Do not publish
[CRPM]

