**Opinion filed July 17, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00163-CR

_____

## EDWARD DELEON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 24062-B**

### M E M O R A N D U M   O P I N I O N

Appellant, Edward Deleon, was charged with one count of solicitation of prostitution of a minor and one count of online solicitation of a minor, both second-degree felonies. *See* former TEX. PENAL CODE ANN. § 43.02(b), (c-1)(2)(A) *redesignated and amended by* Act of May 20, 2021, 87th Leg., R.S., ch. 807, § 29, 2021 Tex. Gen. Laws 1929, 1939 (current version at PENAL § 43.021(a), (b)(2)(A)); PENAL § 33.021(c), (f) (West Supp. 2024). The jury acquitted Appellant of the

offense of solicitation of prostitution of a minor. The jury convicted Appellant of the offense of online solicitation of a minor. The jury assessed Appellant's punishment at imprisonment for four years in the Institutional Division of the Texas Department of Criminal Justice.

In two issues, Appellant asserts that the district court erred when it (1) gave an *Allen*[1] charge during the jury's deliberations in the guilt/innocence phase, and (2) ordered Appellant to obtain a driver's license or identification card indicating that he was a registered sex offender. We modify and affirm.

*Background Facts*

I.B.[2] testified that Appellant, her boxing coach, offered to pay her to perform a sexual act on him when he was driving her home on March 27, 2021. I.B. was a minor at the time. A police report was made, and Abilene Police Department began investigating I.B.'s claim in June 2021.

Detective Marti Woodard testified that she began text messaging Appellant while posing as I.B. in August 2021 "to see if [Appellant] would corroborate the statements that he had made to [I.B.] in the vehicle that day." Detective Woodard read into evidence the text message conversation she had with Appellant while posing as I.B.

In the text conversation, Detective Woodard introduced herself to Appellant as I.B. and asked him whether he was still offering to pay her to perform a sexual act on him. Detective Woodard testified that, after texting Appellant as I.B. for a few days, Appellant agreed to pick I.B. up at a store and to pay her $50 to perform

---

[1]*See Allen v. United States*, 164 U.S. 492, 501 (1896). An *Allen* charge instructs a deadlocked jury to reach a verdict if the jurors can conscientiously do so. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006); *see also Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996), *overruled on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014) (Both the United States Supreme Court and the Texas Court of Criminal Appeals have permitted the use of an *Allen* charge.).

[2]We use a pseudonym to refer to the victim to protect her identity.

a sexual act on him. Officers were waiting at the store where Appellant agreed to meet I.B., and they saw Appellant drive through the store's parking lot. Officers initiated a traffic stop and arrested Appellant.

Appellant was charged with one count of solicitation of prostitution of a minor, which alleged that he "knowingly offer[ed] a fee to another person, namely [I.B.] for the purpose of engaging in sexual conduct, namely sexual contact, with the said [I.B.], a person who was younger than eighteen (18) years of age, and the fee constituted money." Appellant was also charged with one count of online solicitation of a minor, which alleged that he, "with the intent that MARTI WOODARD, a person whom [he] believed to be a minor, would engage in sexual contact with [him], knowingly solicit . . . by text message . . . the said MARTI WOODARD to meet [him]."

The jury began guilt/innocence deliberations at 10:20 a.m. The jury sent six notes to the trial court during its deliberations. Five of the jury notes centered around I.B.'s testimony.

Jury Note Number 1, sent at 11:52 a.m., stated "Your Honor, we would like to have the testimony from [I.B.] where she stated, quote, she did not know when asked a question and was not sure, end quote." The trial court responded, "The Court is not able to answer this question as asked. Please refer to your instructions and continue deliberating."

Jury Note Number 2, sent at 12:45 p.m., stated "Your Honor, the jury is requesting formally the testimony of [I.B.] be read back where she responded with the answer that she did not know or was not sure to the question of what she had said he had told her." The trial court responded:

> Certain testimony will be read back to you by the court reporter if you request. To request that testimony be read back to you, you must follow these rules: The Court will allow testimony to be read back to the jury only if the jury, in a writing signed by the presiding juror, (1) states that

it is requesting that testimony be read back, (2) states that it has a disagreement about a specific statement of a witness or a particular point in dispute, and (3) identifies the name of the witness who made the statement. The Court will then have the court reporter read back only that part of the statement that is in disagreement.

Jury Note Number 3, sent at 1:46 p.m., stated "Your Honor, can Charge 1 apply to text messages? What dates do Charge 1 apply to? What dates do Charge 2 apply to? We, the jury, have a dispute/disagreement about application of law to facts. We need further explanation." The trial court responded, "You have all the instructions you need to make your decision. Please continue deliberating."

Jury Note Number 4, sent at 1:57 p.m., stated "The jury is requesting formally the testimony of [I.B.], be read back where she responded with the answer that she did not know or was not sure to the question of what she had said he had told her . . . We, the jury, are disputing of [sic] what we heard." The trial court responded, "Second reply: The Court is unable to answer this question. Please continue deliberating."

Jury Note Number 5, sent at 3:04 p.m., stated "Your Honor, we, the jury, cannot come to a unanimous decision on both charges, specifically Charge 1, prostitution with a minor, and Count 2, online solicitation of a minor." The trial court announced that it had conferred with counsel and "proposed the supplemental instruction here. It's the Allen Charge. It's the -- word for word, the same charge that is in the most current version of the pattern jury charges, and I've reviewed that with counsel for both sides." Neither party objected to the *Allen* charge.

The trial court then called the jury into the courtroom and gave them the following instruction:

> All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict.

If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The case will still be pending, and it is reasonable to assume that it will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this panel has been impaneled and will likely hear the evidence that has been presented to this jury. The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope that the next jury will find these questions any easier to decide than you have found them.

Each of you must decide this case for yourself, but only after you consider the evidence impartially with your fellow jurors.

During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience. Do not do violence to your conscience, but continue deliberating.

Jury Note Number 6, sent at 3:43 p.m., stated: "Your Honor, the jury is requesting that testimony be read back. Disagreement about [I.B.]'s statement, specifically the point of her requested recollection on March 27, 2021, quote, at least I think that's what he meant, unquote. The witness on the stand was [I.B.]."

The trial court stated on the record that it had conferred with counsel and found testimony directly responsive to Juror Note Number 6. But, at 4:18 p.m., before the testimony could be read back to the jury, the jury indicated that it had reached its verdict. Accordingly, the trial court did not have the court reporter read back the testimony and instead proceeded to a reading of the verdicts. The jury found Appellant not guilty of solicitation of prostitution of a minor and guilty of online solicitation of a minor.

*Analysis*

*Trial Court's Charge to the Jury*

In his first issue, Appellant contends that the trial court erred in giving the jury an *Allen* charge after the jury indicated that it was unable to reach a unanimous verdict on either count. Specifically, Appellant asserts that the trial court egregiously harmed him when it "rush[ed]" to give the jury the *Allen* charge, despite the fact that the jury had only been deliberating for a few hours and had indicated that they were deadlocked before "ever having received the testimony they requested" or receiving clarification on the dates of each alleged offense. The State asserts that Appellant did not preserve error and that the *Allen* charge given, which "followed the most current version of the pattern jury charge for *Allen* charges," was not coercive.

In order to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). When a defendant does not object to the trial court's submission of an *Allen* charge, error is not preserved. *Thomas v. State*, 312 S.W.3d 732, 740 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citing *Freeman v. State*, 115 S.W.3d 183, 186 n.2 (Tex. App.—Texarkana 2003, pet. ref'd) (finding that the failure to object to an *Allen* charge waives error)); *see Santana v. State*, No. 11-15-00010-CR, 2017 WL 469380, at *2 (Tex. App.—Eastland Feb. 2, 2017, pet. ref'd) (mem. op., not designated for publication). Appellant informed the trial court that he had no objection to the proposed *Allen* charge. Accordingly, he has not preserved any complaint about the *Allen* charge for appellate review.

Appellant appears to try to overcome the lack of an objection at trial to the *Allen* charge by asserting that it constituted egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *Almanza's* egregious harm standard applies to unobjected-to error in the charge. *Madden v. State*, 242 S.W.3d 504, 513

6

(Tex. Crim. App. 2007). The *Almanza* egregious harm standard is premised on the charge containing actual error. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). Here, Appellant does not allege that the contents of the *Allen* charge were erroneous. To the contrary, he specifically asserts that "Appellant has no complaints about the verbiage of [the *Allen*] charge."

Nevertheless, we conclude that the trial court did not err in giving the jury the *Allen* charge. The primary inquiry when considering the propriety of an *Allen* charge is its "coercive effect" on juror deliberation in its context and under all circumstances. *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996) (citing *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988)); *Freeman*, 115 S.W.3d at 186–87. An *Allen* charge that pressures jurors into reaching a particular verdict or improperly conveys the trial court's opinion of the case is unduly coercive. *West v. State*, 121 S.W.3d 95, 107–08 (Tex. App.—Fort Worth 2003, pet. ref'd). Conversely, a charge that speaks to the jury as a whole and encourages jurors to reexamine their views without surrendering honest convictions is not coercive on its face. *Freeman*, 115 S.W.3d at 187. Here, the charge addressed the entire jury and instructed the jurors to continue deliberating without doing violence to their conscience. Additionally, the trial court's *Allen* charge did not pressure jurors into reaching a particular verdict or convey the trial court's opinion of the case in any way.

Appellant asserts that the jury's ability to reach a verdict "without ever having received the testimony they requested" can only be explained by the *Allen* charge. However, the jury asked for a portion of I.B.'s testimony to be read back *after* the *Allen* charge was given. *See Thetford v. State*, No. 02-18-00488-CR, 2021 WL 278913, at *17 (Tex. App.—Fort Worth 2021), *rev'd in part on other grounds*, No. PD-0258-21, 2021 WL 2674484 (Tex. Crim. App. June 30, 2021) (not

7

designated for publication) (holding that a jury's post-*Allen* notes are indicative of continued deliberations). To the extent Appellant is asserting that the *Allen* charge pressured the jury into hastening its verdict, the jury continued deliberating for around forty-five minutes after receiving the *Allen* charge before reaching its verdict.

Jury Note Number 5 did not indicate that the jury was unable to reach a verdict until it had the requested testimony read back to it and/or received a direct response from the trial court about the dates of the alleged offense. Rather, the note simply indicated that the jury was unable to reach a unanimous verdict for either offense with which Appellant was charged. This is precisely the type of situation an *Allen* charge is meant to address. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) (The *Allen* charge "reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve."). Accordingly, we conclude that the trial court did not err in submitting this *Allen* charge to the jury. Because we hold that the trial court did not commit error by submitting the *Allen* charge to the jury, we need not address Appellant's contention that he suffered egregious harm under *Almanza*. We overrule Appellant's first issue.

*Sex Offender Designation*

In his second issue, Appellant asserts that the trial court erred when it included a requirement in its judgment for him to obtain a driver's license or identification card identifying him as a sex offender. He contends that the requirement was error because (1) the requirement was not orally pronounced at sentencing, (2) it cannot be enforced as a condition of parole, and (3) it "is either a collateral or non-punitive consequence created and enforced by other laws." The State responds that (1) the trial court was required to make a written order of the driver's license requirement, and (2) the trial court did not need to pronounce the requirement because it was a "nonpunitive collateral consequence."

8

Citing to Article 42.016 of the Texas Code of Criminal Procedure, the trial court's judgment included the following provision:

> The Court ORDERS Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further ORDERS Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant.

Article 42.016 states, in relevant part, that:

> If a person is convicted of . . . an offense for which a conviction or adjudication requires registration as a sex offender under Chapter 62, the court shall . . . require the person to apply to the Texas Department of Public Safety in person for an original or renewal driver's license or personal identification certificate not later than the 30th day after the date the person is released or the date the department sends written notice to the person of the requirements of Article 62.060, as applicable, and to annually renew the license or certificate.

TEX. CODE CRIM. PROC. ANN. art. 42.016(2) (West Supp. 2024). Online solicitation of a minor is an offense for which a conviction requires registration as a sex offender under Chapter 62 of the Code of Criminal Procedure. *See id.* art. 62.001(5)(J).

We note at the outset that we recently addressed a similar contention in *Rhodes v. State*, 712 S.W.3d 226, 233 (Tex. App.—Eastland 2025, no pet.). We held in *Rhodes* that "the requirement that a sex offender obtain a driver's license or personal identification card that identifies him as a sex offender is not punitive and therefore not a part of the imposed sentence," and as such, it does not have to be orally pronounced at sentencing. *Id.* We additionally held in *Rhodes* that the trial court does not err by including a requirement in its judgment for sex offender designation on the defendant's driver's license irrespective of the existence of other

9

statutory provisions requiring the designation. *Id.* We continue in this appeal to abide by those holdings.

Article 42.016 required the trial court to order Appellant to apply for an original or renewed driver's license or personal identification certificate no later than thirty days after his release or upon receipt of written notice from DPS. *See* CRIM. PROC. art. 42.016. Thus, contrary to Appellant's assertions, the trial court was not enforcing a condition of parole in its judgment. Rather, it was complying with the requirements of Article 42.016. *See Rhodes*, 712 S.W.3d at 233. Accordingly, we overrule Appellant's second issue.

### *Modification of Judgment of Conviction*

The trial court's judgment of conviction incorrectly reflects the statute of conviction, and incorrectly reflects the degree of offense. As we previously noted, the indictment alleged that Appellant knowingly solicited Detective Woodard, a person whom he believed to be a minor, by text message to meet him with the intent that she would engage in sexual contact with him. The jury charge mirrored this language, stating that "[a] person commits the offense of online solicitation of a minor if the person, by text message, knowingly solicits a minor to meet him, with the intent that the minor will engage in sexual contact with him." This language is consistent with Section 33.021(c) of the Penal Code. *See* PENAL § 33.021(c). However, the trial court's judgment incorrectly lists Section 33.021(b) as the statute of conviction.

Additionally, the judgment incorrectly categorizes the offense Appellant was convicted of as a third-degree felony. However, Section 33.021(f) states that an offense under Section 33.021(c) is a second-degree felony. *See id.* § 33.021(f). Moreover, the record reflects that the trial court confirmed with counsel before voir dire that Appellant was being charged with two second-degree felonies, and the punishment charge confirms that the offense of conviction is a second-degree felony,

10

punishable by imprisonment for a term of not more than twenty years or less than two years. *See id.* § 12.33 (West 2019).

An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Because we have the necessary information to make the judgment speak the truth, we modify the judgment of the trial court to correctly reflect the statute of conviction, Section 33.021(c) of the Texas Penal Code, and to correctly reflect that the degree of offense is a second-degree felony.

*This Court's Ruling*

As modified, we affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 17, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.